

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-1997

# United States v. Eyer

Precedential or Non-Precedential:

Docket 96-7310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Eyer" (1997). *1997 Decisions.* Paper 108.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 14, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-7310

UNITED STATES OF AMERICA

v.

ROBERT G. EYER,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 90-00039)

Argued: April 17, 1997

BEFORE: GREENBERG, ALITO, and ROSENN,
Circuit Judges

(Filed: May 14, 1997)

David M. Barasch
United States Attorney
Theodore B. Smith, III (argued)
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17108

 Attorneys for Appellee

Cheryl J. Sturm (argued)
P.O. Box 210
Westtown, PA 19395

 Attorney for Appellant

**OPINION OF THE COURT**

GREENBERG, <u>Circuit Judge</u>.

I. INTRODUCTION

Appellant, Robert G. Eyer, appeals from an order entered on April 11, 1996, denying his motion filed pursuant to 28 U.S.C. § 2255 ("section 2255"). On February 13, 1990, a grand jury returned a one-count indictment charging Eyer with using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) ("section 924(c)(1)"). Eyer waived trial by jury, and was convicted at a bench trial on May 21, 1990. On August 10, 1990, the district court sentenced Eyer to a five-year custodial term followed by a three-year term of supervised release to be served consecutively to any sentence he then was serving.

On February 28, 1996, Eyer, through an attorney, filed a motion under section 2255 to vacate, set aside, or correct his sentence. The motion included a brief contending that in <u>Bailey v. United States</u>, 116 S.Ct. 501 (1995), the Supreme Court held that a defendant cannot be convicted of a violation of section 924(c)(1) unless he "actively employs the firearm in connection with the drug trafficking offense." The brief further asserted that "active employment" includes "brandishing, displaying, bartering, striking with, firing, attempting to fire, or referencing the firearm" but does not "include possession of a firearm at or near the site of a drug crime, storing a weapon near drug proceeds, or concealing a firearm nearby to be ready for imminent confrontation."

The brief quoted the presentence report which explained that a person cooperating with a drug task force placed an order with Eyer for an ounce of cocaine to be delivered to the purchaser's apartment. When Eyer arrived with the cocaine the officers arrested him and seized the automobile in which he was making the delivery. The officers then obtained a search warrant and searched the vehicle, finding

a fully loaded Colt .380 caliber semi-automatic hand gun with a live round in its chamber located in the console between its front seats along with some cocaine. Notwithstanding the location of the firearm, in his motion Eyer claimed that there was "no evidence that[he] actively employed the handgun." Thus, in his view, the government's proof could not support the conviction under section 924(c)(1) as construed in Bailey. Accordingly, Eyer requested that the district court vacate his conviction and sentence.

After the parties filed further pleadings, the district court, without holding a hearing, ruled on the section 2255 motion in a memorandum accompanying the order of April 11, 1996. The court pointed out that Bailey applied only to the "using" prong of section 924(c)(1) which speaks of a defendant who, in the disjunctive, "uses or carries a firearm" in relation to any crime of violence or drug trafficking crime. The court then held that Eyer was carrying the gun because he was transporting it by vehicle. The court cited several cases in support of this holding including United States v. Pineda-Ortuno, 952 F.2d 98, 103-04 (5th Cir. 1992), and United States v. Freisinger, 937 F.2d 383, 387-88 (8th Cir. 1991). Based on these conclusions, the district court denied the motion.

Eyer then appealed to this court and sought a certificate of appealability from both the district court and this court. On July 1, 1996, the district court granted a certificate of appealability. Its order, however, does not specify the issue or issues warranting granting the certificate notwithstanding that 28 U.S.C. § 2253(c)(3) ("section 2253(c)(3)") requires a certificate of appealability under 28 U.S.C. § 2253(c)(1) ("section 2253(c)(1)") to indicate the issues justifying its issuance. This court has not acted on Eyer's application to it for the certificate of appealability. The parties have briefed the case both on the procedural issues and on the merits and have argued orally. We exercise plenary review.

3

II. DISCUSSION

a. Procedural issues

The first issue is whether the district court properly issued the certificate of appealability. The government contends that the district court could not do so because only a circuit justice or a circuit judge can issue a certificate of appealability. Thus, the government argues that unless we issue a certificate of appealability, we cannot decide this case on the merits.

Until the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), effective April 24, 1996, a petitioner in federal custody who was denied relief by a district court on a section 2255 motion could appeal to a court of appeals without obtaining a certificate of probable cause. By contrast, a petitioner challenging detention arising out of process issued by a state court could not appeal "unless the justice or judge who rendered the order or a circuit justice or judge issue[d] a certificate of probable cause." 28 U.S.C. § 2253 ("section 2253"). The AEDPA changed these procedures; in particular the Act replaced certificates of probable cause with certificates of appealability and required prisoners in federal custody to obtain a certificate of appealability to appeal from the denial of relief under section 2255.

Unfortunately, the AEDPA created an ambiguity with respect to the designation of the judges who can issue certificates of appealability. It amended section 2253 in pertinent part to read as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from --

 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

 (B) the final order in a proceeding under section 2255.

4

When Congress enacted the AEDPA it deleted from section 2253 the provision that the "judge who rendered the order" could issue a certificate of probable cause, and thus there is no provision in section 2253, as amended by the AEDPA, providing that the judge who rendered the order may issue a certificate of appealability. This deletion casts doubt on the power of a district judge to issue a certificate of appealability, especially inasmuch as the reference in section 2253 prior to its amendment by the AEDPA to "circuit justice or judge" arguably meant "circuit justice" or "circuit judge." After all, the "judge who entered the order" ordinarily would have been a district judge and thus it would not have been necessary to read "judge" in "circuit justice or judge" to include district judges in order to authorize a judge denying the order to issue a certificate of probable cause. Accordingly, the government reasonably argues that the district court did not have the authority to issue the certificate of appealability to Eyer.

We reject the government's argument. Certainly the term "circuit justice or judge" is ambiguous as "circuit" might modify only the word "justice" or might modify both "justice" and "judge." Obviously, if "circuit" applies to "judge" then only a court of appeals judge or circuit justice can issue a certificate of appealability. We might reject this application of "circuit" to "judge" on the ground that "circuit" as applied to "justice" refers to the allocation of the Supreme Court justices to the various circuits pursuant to an order of the Supreme Court as authorized in 28 U.S.C. § 42. Under this reasoning, "circuit" as applied to "justice" refers to a judicial assignment and "circuit" should not be read to modify the word "judge" and thus be given a different meaning and refer to judges on the basis of their appointment, which in this case is to a court of appeals.

In the final analysis, however, we conclude on a different basis that a district judge can issue a certificate of appealability. In section 2253(c)(1), as amended by the AEDPA, the language that an appeal may not be taken unless a "circuit justice or judge" issues a certificate of appealability is followed by the two subparagraphs, which we quoted above: subparagraph A, relating to custody arising out of process by a state court, and subparagraph

5

B, relating to proceedings involving federal prisoners under section 2255. These paragraphs appear in section 2253(c)(1) in the disjunctive. This configuration makes it difficult, if not impossible, to construe section 2253(c)(1) so that "circuit justice or judge" has a different meaning in the two subparagraphs. Yet we know that, unless we are willing to hold that Congress made an extraordinary mistake in drafting, a district judge must be able to issue a certificate of appealability in a case arising under subparagraph A.

This conclusion cannot be avoided because the AEDPA amended Fed. R. App. P. 22(b) to read in part as follows:

Certificate of Appealability. - In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue.

Thus, at the very time that Congress amended section 2253 to remove the language providing that the "judge who rendered the order" could issue a certificate of probable cause, now a certificate of appealability, it provided in Rule 22(b) that a district judge in general, and the judge who rendered the judgment in particular, ordinarily, of course, a district judge, could issue a certificate of appealability. Furthermore, the AEDPA amendment to Rule 22(b) referred to section 2253(c) even though prior to the amendment Rule 22(b) did not mention section 2253 which at that time did not even have subsections. We also note that the amendment to Rule 22(b) appears conspicuously in Title I of the AEDPA, a short title dealing with habeas corpus reform.

In these circumstances, we must conclude that Congress deliberately amended Rule 22(b); we consequently hold that section 2253(c)(1) authorizes a district judge to issue a certificate of appealability in cases under subparagraph A

6

and thus necessarily under subparagraph B as well. Our conclusion harmonizes Rule 22(b) and section 2253(c)(1), and thus we reject any suggestion that these provisions are inconsistent. Moreover, it would be strange to read section 2253(c)(1) to authorize district judges to issue certificates of appealability in state but not in federal cases involving custody of prisoners. If anything, one might expect that Congress, for reasons of comity, would be more restrictive in vesting the power to issue a certificate of appealability in district judges in state rather than federal cases.1

We have reached our determination through our own analysis. Nevertheless, we find it significant that other courts of appeals have reached the same result, though their reasoning may differ from ours. See Lozada v. United States, 107 F.3d 1011, 1016 (2d Cir. 1997) ("We therefore uphold the authority of district judges to issue COAs, at least in section 2254 cases."); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1066-73 (6th Cir. 1997), petition for cert. filed, 65 U.S.L.W. 3648 (U.S. Mar. 14, 1997) (No. 96-1461); Hunter v. United States, 101 F.3d 1565, 1573-77 (11th Cir. 1996) (en banc), petition for cert . filed, 65 U.S.L.W. 3648 (U.S. Mar. 10, 1997) (No. 96-1443).

Although we hold that the district court had the power to grant a certificate of appealability, we face additional procedural obstacles prior to deciding this appeal on the merits. First, the certificate of appealability in this case does not specify the issues that warrant its issuance as required by section 2253(c)(3). In an appropriate case, such an omission could lead us to remand the case for the

---

1. We agree with the Sixth Circuit that interpreting "circuit" as modifying only "justice" and not "judge" is a somewhat "tortured interpretation, but a possible one." Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1070 (6th Cir. 1997), petition for cert. filed, 65 U.S.L.W. 3648 (U.S. Mar. 14, 1997) (No. 96-1461). However, this interpretation provides the only plausible means of harmonizing section 2253(c)(1) and Fed. R. App. P. 22(b). Harmonization seems particularly appropriate here, since it appears that the arguably inconsistent language of these two provisions was not adopted inadvertently. See Hunter v. United States, 101 F.3d 1565, 1581-82 (11th Cir. 1996) (en banc), petition for cert. filed, 65 U.S.L.W. 3648 (U.S. Mar. 10, 1997) (No. 96-1443).

7

district court to specify the issues. But we will not do so here for two reasons. First, because there was only one issue before the district court, the issue it determined warranted the issuance of the certificate is obvious. Second, at oral argument the government stated that if we concluded that the district court had the power to issue the certificate, we should decide the case on the merits without remanding the case to the district court.

The second procedural obstacle we face prior to reaching the merits of the appeal is more serious. 28 U.S.C. § 2253(c)(2) ("section 2253(c)(2)") provides that a certificate of appealability can issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Yet Eyer raises questions under Bailey involving issues of statutory construction. Therefore, it is possible that Eyer does not raise an issue involving a constitutional right. See Hohn v. United States, 99 F.3d 892 (8th Cir. 1996).

Here, too, we avoid the procedural point because the government, though contending that we should not issue a certificate of appealability, does not contend that if we construe section 2253(c)(1) to authorize district courts to issue certificates of appealability, we should dismiss the appeal on the ground that Eyer does not raise an issue involving a constitutional right. Rather, at oral argument the government took the position that if the district court is empowered to issue certificates of appealability under section 2253(c)(1), we should decide this case on the merits. Thus, the determination of the meaning of "constitutional right" in section 2253(c)(2) is not necessary to the disposition of this appeal.

In reaching our result, we have not disregarded our practice of examining our jurisdiction before reaching the merits of an appeal, and we recognize the possibility that the procedural problems we have identified could be considered jurisdictional. Instead, we are applying the settled principle "that an appellate court, confronted by a difficult jurisdictional or quasi-jurisdictional question, may forego its resolution if the merits of the appeal are, as here, straightforward and easily resolved in favor of the party or parties to whose benefit the objection to jurisdiction would redound." In re DN Assocs., 3 F.3d 512, 515 (1st Cir. 1993).

8

See also Switlik v. Hardwicke Co., 651 F.2d 852, 856 n.3 (3d Cir. 1981) ("Because we conclude . . . that the district court's judgment should be affirmed under well-settled principles of res judicata and collateral estoppel, assuming without deciding that we have jurisdiction permits a proper and lawful resolution of the dispute without facing the damages lurking in the murky waters surrounding the state action question.").

In this case, certainly at least as to the construction of section 2253(c)(2), difficult and far-reaching procedural questions potentially are presented. Nevertheless, as will be seen, we can affirm on the merits so that we will resolve the appeal in favor of the government, the party "to whose benefit [any] objection to jurisdiction would redound." In re DN Assocs., 3 F.3d at 515. Thus, we will decide the appeal on the merits.

Georgine v. Amchem Prods., Inc., 83 F.3d 610, 623-24 (3d Cir. 1996), cert. granted, 117 S.Ct. 379 (1996), is not inconsistent with the action we take. There we indicated that "[a]lthough we deem it wise not to decide most of the jurisdictional issues posed by this case, we are obliged to consider the threshold question whether we have appellate jurisdiction to review the propriety, under Federal Rule of Civil Procedure 23, of the district court's class certification." But Georgine is distinguishable because there we held that the class certification was improper. Thus, we vacated the district court order certifying the class, and remanded the case to the district court to decertify the class. Georgine, 83 F.3d at 635. Therefore, in Georgine we could not assume that we had jurisdiction because we were not deciding the case in favor of the parties to whose benefit the objection to jurisdiction would redound.

Of course, we add that this opinion should not be taken as an indication that in the future we will depart regularly from our usual practice of determining whether we have jurisdiction before reaching the merits of an appeal. To the contrary, ordinarily we will adhere to that practice. See Norton v. Mathews, 427 U.S. 524, 532-33, 96 S.Ct. 2771, 2775-76 (1976). Here, we decide the appeal on the merits because, unlike resolution of the difficult questions relating to the construction of section 2253(c)(2), consideration of

9

this appeal on the merits yields an obvious result. Moreover, we can conceive of no procedural complications that will flow from an affirmance in this case as our order will terminate the section 2255 proceedings. Finally, and perhaps most significantly, the order from which the appeal has been taken is undoubtedly final and thus ordinarily would be appealable. Only the provisions relating to certificates of appealability cast doubt on our jurisdiction. Accordingly, we regard this appeal as presenting a special situation justifying our determination of the appeal on the merits even if questions relating to our jurisdiction are unsettled.

There is a final group of issues we must address before reaching the merits of the appeal. Eyer contends that the AEDPA is an ex post facto law when applied to crimes, such as his, committed before its effective date, April 24, 1996. In addition, he contends that the AEDPA unconstitutionally restricts the writ of habeas corpus and is void for vagueness. At oral argument we pointed out that notwithstanding these contentions, the district court granted the certificate of appealability so that it appeared that Eyer's constitutional arguments would be moot if we held that the district court properly issued the certificate. Eyer agreed with this observation. In fact, even if we sustained Eyer's constitutional arguments, he would be entitled only to a determination of his appeal on the merits. We will make that determination and, accordingly, we need not consider his constitutional challenges to the AEDPA.

b. The merits of the appeal

Eyer argues that he is entitled to relief on the merits because this case was tried "based on the expansive definition of `use' set forth in United States v. Theorodopoulos, 866 F.2d 587 (3d Cir. 1989) which held that a firearm was `used' if it was available for possible use during the drug transaction." Br. at 10. Eyer contends that in United States v. Price, 76 F.3d 526, 528 (3d Cir. 1996), we recognized that Theorodopoulos did not survive Bailey. He also contends that the facts in this case could not justify a conviction under the "carry" prong of section 924(c)(1).

10

The government answers that the Supreme Court in Bailey, 116 S.Ct. at 509, recognized that its opinion did not affect the "carry" prong of section 924(c)(1) and that a "number of courts of appeals have held that possessing a firearm in an automobile during and in relation to a drug trafficking crime constitutes `carrying' under" section 924(c)(1). Br. at 35. It cites a number of cases to support its conclusion on the point including United States v. Pineda-Ortuno, 952 F.2d at 103-04, and United States v. Freisinger, 937 F.2d at 387-88, both of which the district court cited.

We are not concerned with what disposition we would have made if this case had been tried to a jury because the district court clearly convicted Eyer for carrying the firearm. Accordingly, Bailey is not implicated here. Furthermore, the facts here compel the conclusion that Eyer was carrying the firearm. As we explained above, the handgun was loaded and was in a console between the two front seats, and was conveyed with the cocaine to the purchaser's apartment. Eyer's easy access to the handgun and its transportation convinces us that he was carrying it. Accordingly, we have no occasion to address the broad question of whether it always can be said that a defendant is carrying a firearm if he or she has the firearm in a car while committing a drug trafficking offense.

III. CONCLUSION

In view of the aforesaid, we will affirm the order of April 11, 1996. We deny Eyer's application to us for a certificate of appealability as moot.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

11