

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-1998

# United States v. Williams

Precedential or Non-Precedential:

Docket 98-1381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"United States v. Williams" (1998). *1998 Decisions.* Paper 250.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 16, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1381

UNITED STATES OF AMERICA

v.

DERRICK WILLIAMS
a/k/a "Little Derrick"

      Derrick Williams,

      Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 91-00570-20)

Submitted under Third Circuit LAR 34.1(a)
October 8, 1998

BEFORE: GREENBERG, NYGAARD, and NOONAN,*
Circuit Judges

(Filed: October 16, 1998)

_____

*Honorable John T. Noonan, Jr., Senior Judge of the United States Court
of Appeals for the Ninth Circuit, sitting by designation.

        Michael R. Stiles
        United States Attorney
        David Fritchey
        Assistant United States Attorney
        Acting Chief, Organized Crime
         Division
        Walter S. Batty, Jr.
        Assistant United States Attorney
        Chief of Appeals
        Barbara L. Miller
        Office of United States Attorney
        615 Chestnut Street
        Philadelphia, PA 19106

         Attorneys for Appellee

        Cheryl J. Sturm
        P.O. Box 210
        Westtown, PA 19395

         Attorney for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

Derrick Williams appeals from an "amended order" entered April 22, 1998, in this criminal case amending the judgment of sentence and conviction filed November 6, 1992. The germane proceedings leading to the appeal are as follows. On November 6, 1992, pursuant to a plea agreement, Williams pleaded guilty to an indictment charging him with conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. S 846. The plea agreement provided for a custodial sentence of 223 months to run concurrently with a Pennsylvania state sentence that Williams had been serving since June 1, 1989. Significantly, Williams was to receive credit against his federal sentence for all time served from June 1, 1989, in state custody. The agreement

provided that if the district court did not accept the agreement, it would be null and void.

The court accepted the plea agreement and sentenced Williams on the same day he entered the guilty plea, November 6, 1992, to a 223-month custodial term to run concurrently with the state sentence with credit to be given for all time served on the state sentence from June 1, 1989. Nevertheless, on July 25, 1997, the Bureau of Prisons wrote separate but similar letters to Williams and the Assistant United States Attorney who had been present at the plea and sentencing, explaining that the Bureau could not give the credit the court had ordered because 18 U.S.C. S 3585(b) required it to deny the credit. [1]

Williams, understandably, was not satisfied with the Bureau's position and consequently, on January 14, 1998, he filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. S 2255. In his motion, Williams contended that the government breached the plea agreement because (1) the Bureau of Prisons did not run the sentence from June 1, 1989, as ordered by the court; and (2) the United States Attorney did not notify the Bureau of Prisons that it was required to honor the plea agreement as incorporated in the judgment of conviction and sentence. Moreover, Williams contended that the conviction was obtained and sentence imposed "in violation of [his] Sixth Amendment right to effective assistance of counsel." Williams' theory on this point was that if the Bureau of Prisons could not award credit against the sentence from June 1, 1989, "it follows that defense counsel was ineffective for persuading [him] to accept a guilty plea with no perceptible benefits." Williams asked the court to vacate his conviction and sentence, relief which, if granted, would have allowed him, at his option, either to stand trial or plead guilty again.

The government filed a response to the section 2255 motion contending that it had not breached the plea agreement. Rather, it attributed the sentencing problem Williams identified to a mistake in the November 6, 1992 judgment. Consequently, it proposed that the court amend

_____

1. We need not detail the reasons why the Bureau took that position.

the judgment to reflect the provisions of U.S.S.G.
S 5G1.3(b), so that Williams would serve a total combined
term of imprisonment of 223 months, with credit for all
time served on the state sentence from June 1, 1989.

On April 21, 1998, the court entered an order partially
granting Williams' motion under 28 U.S.C. S 2255. The
court indicated that it would issue an amended judgment of
conviction giving him credit for the time served on the state
sentence from June 1, 1989, up to and including November
5, 1992. The order, however, denied Williams' motion to
vacate his conviction because the court held that the
government did not breach the plea agreement, as there
merely had been a mistake in the judgment that prevented
the intent of the parties and the court from being
effectuated.

After next signing one order on April 21, 1998, amending
the November 6, 1992 judgment of conviction and sentence,
the court entered a superseding "amended order" on April
22, 1998, reducing Williams' term from 223 months to 181
months and 25 days, a sentence less than the lower end of
the guideline range of 188 to 235 months that the court
had calculated was applicable at the 1992 sentencing. The
court provided that this reduced sentence would run
concurrently, beginning November 6, 1992, with the
undischarged portion of his state sentence. The court
designated the state institution where Williams was serving
the state sentence as the place for service of his federal
sentence.

The amended order also provided that the federal
sentence was not a departure from the guidelines because
Williams was being credited for guidelines purposes under
U.S.S.G. S 5G1.3(b) with 41 months and five days, the
period from June 1, 1989, to November 5, 1992. It appears
that the court entered the April 22, 1998 order amending
the judgment in response to a letter the Assistant United
States Attorney wrote the court on April 21, 1998, advising
it of language that the Bureau of Prisons wished placed in
the sentencing order for purposes of clarity. The April 22,
1998 order partially tracks that language. The district court
made no reference to a certificate of appealability in any of
its three orders.

4

Williams has appealed from the amended order of April 22, 1998, reducing his sentence to 181 months and 25 days. He contends that the order violated the plea agreement, the court should have departed downward from the guidelines range and imposed a sentence consecutive to the state sentence to fulfill the plea agreement, his counsel at the plea and sentencing was ineffective for permitting him to bargain for an unenforceable agreement, and his guilty plea was not knowing, intelligent and voluntary because he did not receive the consideration for which he bargained. Williams asks that his "conviction and sentence . . . be vacated" or, "[i]n the alternative," that we remand the matter to the district court for entry of an amended judgment that complies with the form and language required by the Bureau of Prisons as set forth in the April 21, 1998 letter from the Assistant United States Attorney to the court to effectuate the parties' intent.

The government initially answers that we "lack[ ] jurisdiction to consider . . . this appeal" because neither the district court nor this court issued a certificate of appealability as required by 28 U.S.C. S 2253(c)(1)(B). Br. at 8. It expands on that argument by contending that a court of appeals cannot issue a certificate of appealability unless the petitioner first applies to the district court for the certificate, a step Williams did not take.

On the merits, the government argues that the district court's April 22, 1998 order is not ambiguous and complies with the plea agreement so that the court did not err in declining to depart downward from the guidelines range. It contends that Williams' real challenge is not to the district court's order. Rather, what concerns Williams is the possibility that the Bureau of Prisons will not carry out the April 22, 1998 order. The government asserts that this issue cannot be advanced in these proceedings, but instead, if it actually arises, Williams must seek relief through a petition for habeas corpus under 28 U.S.C. S 2241. See Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976). The government also argues that Williams' attorney was not ineffective because Williams has obtained the sentence for which he bargained. Finally, the government contends that Williams' guilty plea was knowing and

5

voluntary as he obtained the sentence for which he bargained.

Williams in his reply brief argues that while 28 U.S.C. S 2253(c)(1)(B) provides that an appeal may not be taken from a final order in a proceeding under 28 U.S.C. S 2255 unless a circuit justice or judge issues a certificate of appealability, this proceeding does not come within that category. In Williams' view, there has not been a final judgment here because the "order granting the [section 2255 motion] in part and denying it in part," i.e., the first April 21, 1998 order, is not final because it "did not end the litigation on the merits, and did not leave nothing for the court to do but execute the judgment." Reply br. at 2, citing Waldorf v. Shuta, 142 F.3d 601, 611 (3d Cir. 1998). In making this argument, Williams contends that the April 22, 1998 order is a final "order amending the judgment in a criminal case . . . not subject to the requirements of 28 U.S.C. S 2253(c)(1)(B)." Reply br. at 2.

Williams also rejects the government's argument that he was required to apply to the district court for a certificate of appealability. In this regard, he cites Hohn v. United States, 118 S.Ct. 1969 (1998), in which the Supreme Court held that it had certiorari jurisdiction to review the denial of a certificate of appealability by a court of appeals in a 28 U.S.C. S 2255 proceeding.2 See id. at 1978. The significance of Hohn, as Williams sees it, is that in that case even though the petitioner did not seek a certificate of appealability from the district court, the Supreme Court did not suggest that the court of appeals did not have jurisdiction.

_____

2. In a situation such as that in Hohn, in which a section 2255 motion was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), but the district court denied relief after that date, we have held that a petitioner need not obtain a certificate of appealability. See United States v. Skandier, 125 F.3d 178 (3d Cir. 1997). Skandier seems to reflect the prevailing view. See United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997), petition for cert. filed
(U.S. Sept. 9, 1998) (No. 98-6050). The Supreme Court did not mention this possibility in Hohn, instead, without discussion, treating the AEDPA as applying to that case.

6

Williams also relies on United States v. Eyer, 113 F.3d 470 (3d Cir. 1997), in which we held that in a 28 U.S.C. S 2255 case under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a district judge could issue a certificate of appealability under 28 U.S.C. S 2253(c)(1)(B). See id. at 473. Williams argues that there is no jurisdictional requirement for the district court to act on a request for a certificate of appealability because in Eyer we exercised jurisdiction on the basis of a certificate of appealability issued by the district court that did not indicate, as required by 28 U.S.C. S 2253(c)(3), the specific issue demonstrating that the petitioner made a substantial showing of the denial of a constitutional right. See id. at 474. It thus appears that Williams does not distinguish situations in which a district court issued a defective certificate from those in which the court took no action at all with respect to a certificate. Finally, Williams argues that even if a certificate of appealability is required, his failure to apply to the district court for a certificate "is something in the nature of a procedural default, not a matter of jurisdiction." Reply br. at 3.

II. DISCUSSION

Until the enactment of the AEDPA "a petitioner in federal custody who was denied relief by a district court on a section 2255 motion could appeal to a court of appeals without obtaining a certificate of probable cause." Eyer, 113 F.3d at 472. On the other hand, before the AEDPA, a petitioner challenging detention arising out of process issue by a state court needed a certificate of probable cause to appeal. See id. "The AEDPA changed these procedures; in particular the Act replaced certificates of probable cause with certificates of appealability and required prisoners in federal custody to obtain a certificate of appealability to appeal from the denial of relief under section 2255." Id. Williams filed his section 2255 motion after the effective date of the AEDPA, and consequently it ordinarily would be clear that he would need a certificate of appealability to appeal from a final order disposing of his motion. See United States v. Skandier, 125 F.3d 178, 182 (3d Cir. 1997).

Williams seeks to avoid this seemingly obvious conclusion by arguing that he is not appealing from a "final order in a proceeding under S 2255." See 28 U.S.C. S 2253(c)(1)(B). Rather, he claims that he is appealing from an order amending the judgment in a criminal case. The difficulty with this argument is that section 2255 provides that if the movant is entitled to relief "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Of course, here the court corrected the sentence to carry out the plea agreement.3 Thus, it seems clear that the April 22, 1998 order was the final disposition of Williams' section 2255 motion. See Andrews v. United States, 373 U.S. 334, 339, 83 S.Ct. 1236, 1239 (1963). After all, the district court in entering the first April 21, 1998 and April 22, 1998 orders did exactly what section 2255 contemplates. Accordingly, while the first order of April 21, 1998, which partially granted Williams' section 2255 motion, was not afinal order, as the court in that order anticipated issuing a further order, i.e., an amended judgment of conviction, and actually did so, the entry of the April 22, 1998 order, modifying Williams' sentence, seemingly was a final order in a section 2255 proceeding, as following its entry there were no further proceedings pending or contemplated in the district court.

Moreover, we point out that it is difficult to understand the source of the court's jurisdiction to amend the judgment of conviction, as it did here, except as an aspect of the section 2255 proceeding. After all, courts do not have freewheeling powers to amend six-year old judgments in criminal cases.

Yet we have no need here to determine whether if Williams merely had appealed from the sentencing aspects of the April 22, 1998 order, we still would require a certificate of appealability to entertain this appeal because Williams challenges more than his sentence. As we have indicated, he argues that his "conviction and sentence must

_____

3. Our result would not be different if we characterized the April 22, 1998 order as a resentencing.

be vacated." Br. at 18. Such an outcome would be quintessential relief in a section 2255 proceeding entitling Williams to a new trial. Williams requests only"[i]n the alternative" that a new form of judgment be entered. Furthermore, in seeking the vacation of his conviction, he relies on the argument that at the time he pleaded guilty and was sentenced on November 6, 1992, his attorney was ineffective and that his guilty plea was not knowing, intelligent and voluntary. These contentions relate to proceedings that simply cannot be characterized as an aspect of an appeal from the April 22, 1998 order. Thus, we cannot regard these proceedings as being nothing more than an appeal from a sentence. Consequently, we leave for another day the determination of whether a movant who obtains a modified sentence on a section 2255 motion may appeal from the new sentence without obtaining a certificate of appealability if he seeks nothing more on the appeal than relief from the sentence.

We recognize that Williams argues that the requirement in 28 U.S.C. S 2253(c)(1)(B), that unless "a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order on a proceeding under section 2255" is merely procedural. We, however, reject that argument because the language that without a certificate "an appeal may not be taken" is completely clear. A court entertaining an application for a certificate of appealability has a gatekeeper's role. See Hohn, 118 S.Ct. at 1974-75 ("We further disagree with the contention . . . that a request to proceed before a court of appeals should be regarded as a threshold inquiry separate from the merits which, if denied, prevents the case from ever being in the court of appeals."); Hohn, 118 S.Ct. at 1979 (dissenting opinion) ("By the plain language of AEDPA, his appeal `from' the district court's `final order' `may not be taken to the court of appeals.' ").

Our conclusion that a certificate of appealability is required for this appeal to go forward does not necessarily compel us to dismiss the appeal. After all, 28 U.S.C. S 2253(c)(1)(B) empowers circuit judges to issue certificates of appealability in section 2255 cases. The government, however, on the basis of four cases it cites, contends that

the weight of authority supports a conclusion that a court of appeals may not issue a certificate of appealability unless the petitioner first unsuccessfully applies to the district court for a certificate. See United States v. Youngblood, 116 F.3d 1113, 1114 (5th Cir. 1997); Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997); Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997); Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), overruled on other grounds by United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997), petition for cert. filed (U.S. Sept. 9, 1998) (No. 98-6050). But, as the government acknowledges, we have "not yet addressed the issue of [our] jurisdiction to grant or deny a [certificate of appealability] absent a ruling by the district court on that question." Br. at 8.

The government, however, cites our local Rule 22.2 which provides as follows:

> At the time a final order denying a petition under 28 U.S.C. S 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. S 2253. If an order denying a petition under S 2254 or S 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

The government infers from Rule 22.2 that we have taken the same position as the courts in Youngblood, Edwards, Muniz, and Lozada. The government, though, does not take into account that we drafted Rule 22.2 before we decided Eyer, in which we held that a district court could issue a certificate of appealability in a section 2255 proceeding. Prior to Eyer that issue was unsettled in this circuit. Thus, our committee comments to Rule 22.2, in order to avoid deciding that legal issue inferentially, provided that "[t]his rule takes no position on the question of whether a district court can grant or deny a certificate of appealability." Accordingly, it is difficult to accept an argument that Rule 22.2 requires an application first to the district court for a certificate of appealability when the committee drafting the rule was uncertain whether a district court even could

10

issue a certificate. Furthermore, Rule 22.2 simply does not say that a circuit judge cannot issue a certificate of appealability unless the district court first has denied the certificate.

Nevertheless, we conclude that we need not decide whether a petitioner first must apply to the district court for a certificate of appealability. We recognize that the Supreme Court in Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012-16 (1998), disapproved the practice of a court of appeals, such as in Eyer, 113 F.3d at 474-75, avoiding difficult jurisdictional questions when a merits determination would favor the party who would benefit if it declined to exercise jurisdiction. But if we were to determine that we will not issue a certificate of appealability because Williams has not demonstrated that he is entitled to one under 28 U.S.C. S 2253(c)(3), then we would find that this court does not have jurisdiction to go forward in this appeal. On the other hand, if we were to find that we cannot issue a certificate of appealability because Williams did not apply for a certificate to the district court, we also would determine that we do not have jurisdiction to go forward. In these circumstances, we conclude that Steel Co. does not preclude us from treating Williams' notice of appeal as a request for a certificate of appealability and then denying it on the merits without first determining that Williams was not obliged initially to apply to the district court for a certificate of appealability.4

_____

4. Notwithstanding our disposition of this case surely, at least as a matter of practice in cases in which the district court has not ruled on the certificate of appealability issue in thefinal order as required by our
local rule 22.2, an unsuccessful movant in a section 2255 case should in the first instance seek a certificate of appealability from the district
court. See Fitzsimmons v. Yeager, 391 F.2d 849, 851-55 (3d Cir. 1968) (en banc). Thus, we recognize that it might be appropriate for us to dismiss the appeal or to remand the matter to the district court for consideration of Williams' notice of appeal as a request for a certificate of appealability. We, however, do not do so because we believe that Williams' attorney acted in good faith in not seeking the certificate and the result we reach denying a certificate of appealability is quite straightforward. Cf. Eyer, 113 F.3d at 474 (case not remanded to district court that issued certificate of appealability to specify issues warranting
its issuance because, inter alia, reason court issued certificate was obvious). In the circumstances, we naturally do not wish to protract these proceedings.

11

We are satisfied that Williams has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. S 2253(c)(2), as the government is correct that Williams' position as to what may happen in the future is completely speculative. Furthermore, in the unlikely circumstance that the Bureau of Prisons does not honor the district court's intention, Williams will be free to seek relief under 28 U.S.C. S 2241.

III. CONCLUSION

For the foregoing reasons we conclude that we do not have jurisdiction and the appeal will be dismissed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit