UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 00-6213

MARVIN BREWER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Richard L. Voorhees, District Judge.
(CR-90-231-A, CA-95-178-1-V)

Submitted: June 30, 2000

Decided: August 9, 2000

Before WILKINS and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Marvin Brewer, Appellant Pro Se. Brian Lee Whisler, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin Brewer filed a 28 U.S.C.A. § 2255 (West Supp. 2000) motion in the district court challenging his conviction and sentence for drug violations. The motion was granted to the extent that Brewer sought an order revising his federal sentence so it would run concurrently with his state sentence. Brewer then filed a motion for reconsideration challenging the revised sentence. The motion was denied as moot. Brewer filed a motion in district court for a certificate of appealability. The court determined it did not have authority to grant Brewer's motion because 28 U.S.C.A. § 2253(c)(1) (West Supp. 2000) gave authority to grant certificates of appealability only to circuit justices or judges, not to district judges. The court denied Brewer's motion for that reason but further construed the motion as a timely notice of appeal.

A certificate of appealability may issue only when the applicant has demonstrated a substantial showing of the denial of a constitutional right. See 28 U.S.C.A. § 2253(c)(2) (West Supp. 2000); Slack v. McDaniel, ___ U.S. ___, ___, 68 U.S.L.W. 4315, 4317-18 (U.S. Apr. 26, 2000) (No. 98-6322). Although we conclude the district court had authority to issue a certificate of appealability, see Fed. R. App. P. 22(b)(1); United States v. Eyer, 113 F.3d 470, 472-74 (3d Cir. 1997); Burris v. United States, 1999 WL 1569814, at *2 (W.D.N.C. Nov. 8, 1999), Brewer failed to demonstrate a substantial showing of the denial of a constitutional right.

Brewer contends the district court erred in revising his sentence. It appears, however, that Brewer misunderstands the court's order. Both Brewer and the district court agree that Brewer's projected full term release date should be September 2006. Furthermore, in the district court's order denying reconsideration, the court states that updated prison records reflect September 2006 as the projected full term release date. Because it appears the district court granted Brewer the relief he seeks, we deny a certificate of appealability and dismiss the appeal.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED