

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2006

# USA v. Massara

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3856

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Massara" (2006). *2006 Decisions.* Paper 1287.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1287

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-3856 & 05-1562

UNITED STATES OF AMERICA

v.

THOMAS MASSARA,
                                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00616-3
(Honorable Michael M. Baylson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2006

Before:  SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed: April 10, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Thomas Massara appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence.  In light of the District Court's decision to re-sentence

Massara during post-judgment proceedings on his § 2255 motion, Massara also requests

direct review of his new sentence. With regard to C.A. No. 04-3856, we decline to issue

a certificate of appealability; with regard to C.A. No. 05-1562, we will vacate Massara's

new sentence and remand with directions to reinstate the initial sentence pronounced on

April 23, 2004.

## I.

Because we write for the parties, we will set forth only those facts necessary for

our analysis. Massara and five other defendants were tried on charges of mail fraud, 18

U.S.C. § 1341, and conspiracy to commit mail fraud, 18 U.S.C. § 371. Massara was a

sales representative for Universal Liquidators, a company which purported to offer

individuals the opportunity to broker sales of surplus and liquidation merchandise from

brand-name manufacturers. In order to induce "customers" to purchase these broker

opportunities, Massara and other Universal Liquidators representatives made several

misrepresentations about the company. One such misrepresentation was their claim that

Universal Liquidators developed a network of brand-name manufacturers and buyers who

were ready and willing to work with Universal Liquidators brokers. Massara also

asserted he was himself a successful broker. Neither representation was true.

The jury convicted Massara and one other defendant, Marsha Dobson, of several

counts of mail fraud. After trial, and before sentencing, Massara successfully moved for

new court-appointed counsel.[1] Massara was sentenced on April 23, 2004, under the then-

---

[1]Newly appointed counsel continues to represent Massara before this Court.

mandatory federal guidelines, to 27 months imprisonment, restitution, and supervised release. On the advice of his new counsel, Massara did not appeal. Instead, he filed a 28 U.S.C. § 2255 motion, alleging ineffective assistance of counsel and challenging his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004). The District Court denied the motion on September 23, 2004, but did not decide whether a certificate of appealability should issue.

Massara appealed the denial of his § 2255 motion. On October 5, 2004, this Court issued an order remanding the matter to the District Court for the sole purpose of deciding whether to issue a certificate of appealability, and, if the District Court believed one was warranted, to specify the issues. On January 12, 2005, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). Massara subsequently filed a motion with the District Court seeking re-sentencing under *Booker*, or, in the alternative, permission to file a notice of direct appeal *nunc pro tunc*, in light of counsel's ineffectiveness in advising him to seek collateral relief rather than direct review. Failing these, Massara requested the issuance of a certificate of appealability with regard to the claims he raised in his § 2255 motion. The government objected to re-sentencing under *Booker* on the ground that Massara's sentence was properly calculated and reasonable, but no party addressed whether the District Court had jurisdiction to re-sentence Massara under this Court's limited remand.

On February 17, 2005, the District Court held a hearing on all issues, including the issuance of a certificate of appealability and *Booker* re-sentencing. The following day,

3

the court issued an order vacating Massara's sentence under *Booker* and imposing a new sentence, which nevertheless was the same as the first sentence. To the extent a certificate of appealability was required on Massara's ineffective assistance of counsel claim, the District Court declined to issue one.

Massara seeks direct review of his new sentence, arguing the District Court incorrectly calculated the loss attributable to his conduct. In conjunction with his direct appeal, Massara also seeks review of his collateral ineffective assistance of counsel and *Blakely* claims. In the alternative, Massara asks us to grant a certificate of appealability on the latter two issues.

## II.

We first address the matter of the District Court's jurisdiction to vacate Massara's sentence and impose a new sentence under this Court's limited remand.[2] In our order dated October 5, 2004, we remanded to the District Court "for the purpose of either issuance of a certificate of appealability or a statement of reasons why one should not issue." We retained jurisdiction over the appeal and stayed the appeal "pending determination by the District Court."

The District Court did not have authority to address matters beyond the scope of our mandate, including the constitutionality of Massara's sentence under *Booker*. *See United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991) (holding, on remand, a district

---

[2]We reject Massara's assertion of waiver based on the government's failure to raise the jurisdiction issue before the District Court.

4

court is bound to follow the mandate of the court of appeals); *see also United States v. Duncan*, 427 F.3d 464, 465 (7th Cir. 2005) (holding the district court did not have jurisdiction to re-sentence defendant because remand was limited to whether the district court would impose a different sentence under an advisory guidelines system if it was given the power to do so); *United States v. Polland*, 56 F.3d 776, 777–78 (7th Cir. 1995) (citing cases holding a limited remand prevents the district court from considering issues outside the scope of the court of appeals' mandate).

Massara contends our remand order was invalid because, without the issuance of a certificate of appealability, we did not have jurisdiction over his appeal and the District Court retained jurisdiction. But it is the filing of a notice of appeal which vests this Court with jurisdiction over a case, not the issuance of a certificate of appealability. *Fitzsimmons v. Yeager*, 391 F.2d 849, 853–54 (3d Cir. 1968); *see also Hohn v. United States*, 524 U.S. 236, 246 (1998) (disagreeing with the contention that "a request to proceed before a court of appeals should be regarded as a threshold inquiry separate from the merits which, if denied, prevents the case from ever being in the court of appeals"); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) ("[T]he timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."). Once a notice of appeal is filed, the certificate of appealability requirement limits our authority to proceed with the appeal until a certificate is issued. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[U]ntil a COA has been issued

5

federal courts of appeals lack jurisdiction *to rule on the merits* of appeals from habeas petitioners.") (emphasis added); *United States v. Williams*, 158 F.3d 736, 741 (3d Cir. 1998) ("[A] certificate of appealability is required for this appeal *to go forward . . . .*") (emphasis added); *Fitzsimmons*, 391 F.2d at 854 ("It is true that § 2253 provides that an appeal may not be 'taken' in habeas corpus actions attacking state detention unless a certificate of probable cause is issued, but this must be read to mean, not that a notice of appeal may not be filed with its usual effect, but that the appeal may not proceed until a certificate of probable cause is issued.").

On remand, the District Court had jurisdiction only over the limited issues we directed it to consider. The validity of Massara's sentence after *Booker* was not one of these issues. Accordingly, we will vacate Massara's new sentence and remand for reinstatement of his original sentence, which, as noted, is identical**.**

III.

Without the direct appeal of his new sentence, Massara is left with the challenges

he made to his original conviction and sentence in his § 2255 motion — his ineffective

assistance of counsel and *Blakely* claims.[3]  The District Court denied both claims in its

September 23, 2004 order.  Consequently, Massara must obtain a certificate of

appealability to maintain his appeal.  28 U.S.C. § 2253(c).  The District Court declined to

issue a certificate of appealability on Massara's ineffective assistance of counsel claim,

holding no "reasonable jurist would find Defendant's trial counsel was so deficient that

Defendant was denied his constitutional right to counsel."  (App. 35.)  The court did not

decide whether a certificate should issue on Massara's *Blakely* claim.

We may grant a certificate of appealability if Massara demonstrates "a substantial

showing of the denial of a constitutional right."  *Miller-El*, 537 U.S. at 336 (quoting 28

U.S.C. § 2253(c)(2)).  Because the District Court denied Massara's motion on its merits,

---

[3]Massara also filed a motion in this Court for leave to file a supplemental brief seeking to challenge, for the first time, the jury instructions submitted at his trial.  The motion is denied.  Massara waived any challenge he might have had to the jury instructions by failing to raise the issue either on direct appeal, in his § 2255 motion before the District Court, or before this Court in his briefs.  Massara asserts he filed this motion directly after learning his co-defendant, Dobson, obtained reversal of her conviction on this ground.  But Dobson, unlike Massara, raised the jury instruction issue on direct appeal.

In any event, Massara's jury instruction claim is untimely under the one year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255.  *See United States v. Thomas*, 221 F.3d 430, 436 (2000) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.").  Massara's new claim cannot relate-back to those alleged in his original § 2255 petition because the claims are not "tied to a common core of operative facts."  *Mayle v. Felix*, -- U.S. --, 125 S. Ct. 2562, 2574 (2005).

Massara "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, we engage in a "threshold inquiry" into Massara's constitutional claims. *Miller-El*, 537 U.S. at 336.

## A.

On appeal, Massara contends the District Court incorrectly calculated the loss attributable to his conduct, resulting in an incorrect guidelines range and an "unreasonable" sentence under *Booker*.[4] We have held *Booker* challenges to the federal guidelines may not be raised on collateral review of cases that became final before the date of that decision, January 12, 2005. *Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). Massara's sentence became final when the time for filing a direct appeal expired — ten days after the April 23, 2004 imposition of his sentence.[5] Fed. R. App. P. 4(b); *Kapral v. United States*, 166 F.3d 565, 572, 577 (3d Cir. 1999). Accordingly, *Booker* may not be applied retroactively to Massara's § 2255 motion.[6]

---

[4]In his § 2255 motion, Massara originally grounded his claim under *Blakely* — that is, he contended the district judge improperly found facts enhancing his sentence. However, after *Booker*, Massara switched his focus to challenging the district judge's calculations as "unreasonable."

[5]We note the possibility that Massara's sentence did not become final until ten days after June 21, 2004, when judgment was entered on his conviction. (*Compare* Appellee's Resp. to Appellant's Mot. for Leave to File Suppl. Br. 12 n.3, *with* Appellee's Br. 35.) But the later date would not change our analysis. Massara's sentence would still have become final before *Booker* was decided.

[6]Massara asserts the government waived any argument that *Booker* cannot be applied

(continued...)

8

B.

Massara also contends his trial counsel provided inadequate assistance in contravention of his Sixth Amendment right to counsel. Under *Strickland*, Massara must demonstrate his attorney's performance was deficient and that he was prejudiced by this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That is, Massara must prove counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Massara argues trial counsel erred by introducing into evidence a letter that was prejudicial. One of the issues at trial was whether Massara failed to inform potential purchasers of an injunction entered against him. This injunction arose out of Massara's involvement as a salesman with a different company, Value Investments. The injunction required Massara to disclose the injunction to all prospective purchasers of franchise or business opportunities with which he was involved. As part of its burden, the government had to prove Massara knew of the injunction. The government proffered testimony by Robert Waldman, a former Federal Trade Commission attorney who was knowledgeable about government proceedings against Value Investments and who would testify as to the

---

[6](...continued)
retroactively to his case by failing to raise the retroactivity issue during his re-sentencing. However, the government asserted *Blakely* could not be applied retroactively in the context of Massara's original § 2255 motion. It is the denial of this motion that we now review.

injunction court's practice of regularly serving parties with orders issued in that case. In addition, the government proffered a letter, written by "Thomas Massaro" to the court in the Value Investments case, demonstrating Massara knew of the existence of the injunction. Massara objected to the introduction of this letter, asserting there was no evidence he was the "Massaro" who wrote the letter. Overruling the objection, the court held the letter was probative of Massara's notice of the injunction.

During Waldman's cross-examination, Massara's counsel asked Waldman about the letter, but did not introduce it into evidence. Counsel's questions were directed toward highlighting the weaknesses of the document — that is, the government's inability to prove Massara was the "Massaro" who wrote the letter. Massara's counsel testified at the evidentiary hearing on Massara's § 2255 motion that he hoped to preempt the government on this issue. The record demonstrates counsel tried to raise doubt about the nature of the document and its weight as probative evidence, calling into question Massara's knowledge of the injunction.

Massara asserts his counsel's conduct in questioning Waldman about the letter was unreasonable and prejudicial because the government had not yet offered the letter as evidence. The District Court rejected Massara's argument, holding his counsel's conduct was not deficient because it was reasonably calculated to minimize the impact of the letter on the jury. Significantly, Massara's counsel objected to the evidence and, when that failed, could reasonably believe the government would introduce it at trial. Additionally, the court found counsel's conduct was not prejudicial because the letter was not the only

evidence of Massara's knowledge — Waldman's testimony was probative of Massara's knowledge of the injunction. Furthermore, the court found the government had other evidence of notice, which it would have introduced if Massara's counsel had not brought the letter to the jury's attention. On this point, Massara does not make a substantial showing of ineffective assistance of counsel.

Massara also contends his counsel inadequately cross-examined government witness Carol Brothers, Massara's former co-worker at another company, Surplus Agents. Massara worked as a salesman for Surplus Agents, a company which engaged in a scheme of fraudulent conduct similar to that of Universal Liquidators. When the fraud at Surplus Agents was revealed, the company disbanded and many of the same people involved in Surplus Agents formed Universal Liquidators. Brothers testified that she told Massara she had talked to the FBI and that Massara's reaction was to advise her to quit Surplus Agents.

According to Massara, his counsel should have "clarified" the subject matter of his conversation with Brothers on cross-examination. In particular, Massara asserts Brothers told him she called the FBI because Surplus Agents owed her money, not because of fraudulent conduct. Because the subject of their conversation was not clarified through cross-examination, Massara contends Brothers's testimony "left the clear impression that she told Mr. Massara that Universal Liquidators was perpetrating a fraud on its customers." (Appellant's Br. 19.) The District Court disagreed. Regarding prejudice, the court noted a co-defendant's counsel attempted to impeach Brothers with the information

11

of the alleged debt owed to her by Surplus Agents. Also, the court found Massara's counsel was not deficient because his cross-examination was calculated to further his reasonable strategy of distancing Massara from the fraud at Surplus Agents. In particular, counsel elicited testimony that Massara left Surplus Agents before Brothers learned of the fraudulent conduct and before he told Brothers to quit.

We see no error in the District Court's analysis. The government attempted to link Massara to the fraud at Surplus Agents, demonstrating his knowledge of similar fraud at Universal Liquidators. (App. 236–38; Appellant's Br. 20.) Counsel attempted to distance Massara from the Surplus Agents fraud. Inquiry into the conversation between Brothers and Massara on the fraudulent practices of Surplus Agents would not have furthered this strategy, and might have hindered it. Massara cannot make a substantial showing that his counsel's failure to cross-examine Brothers about the content of her conversation with Massara was constitutionally ineffective.

Also, Massara asserts his counsel failed to adequately investigate or prepare for trial. In his § 2255 motion, Massara claimed his counsel should have investigated and introduced evidence of successful Universal Liquidators brokers who were able to sell brand-name goods. The District Court reviewed counsel's performance and found his actions were calculated to further a reasonable trial strategy. Furthermore, at the joint trial, other defense counsel called witnesses who testified to their success as Universal Liquidators brokers. (Appellant's Br. 29.) We see no deficiency or prejudice.

12

On appeal, Massara asserts general claims of failure to investigate and inadequate cross-examination. In particular, he cites his counsel's failure to interview or call witnesses. But Massara fails to show deficiency or prejudice. He does not assert what information that more witnesses, further investigation, or more extensive cross-examination would have revealed.

For the reasons stated, we find Massara has not made a substantial showing of the denial of a constitutional right, on either his *Blakely* or ineffective assistance of counsel claims, as required by 28 U.S.C. § 2253.

IV.

With regard to C.A. No. 05-1562, we will vacate the District Court's order imposing a new sentence and remand with directions to reinstate his original sentence imposed on April 23, 2004. We also decline to grant Massara a certificate of appealability on his *Blakely* and ineffective assistance of counsel claims raised on appeal at C.A. No. 04-3856.