**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rafat ASRAR, Defendant–Appellant.**

**No. 96–56805.**

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel Feb. 18, 1997.

Decided March 3, 1997.

As Amended June 11, 1997.

Rafat Asrar, Boron, California, in pro per, for defendant-appellant.

Steve A. Linick, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

· Before: ALARCON, CANBY and TASHIMA, Circuit Judges.

On November 20, 1996, Rafat Asrar timely filed a notice of appeal from the district court's denial of his 28 U.S.C. § 2255 motion. Asrar did not request, nor has he received, a certificate of appealability from either the district court or this court.

Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, requires that "a circuit justice or judge" issue a certificate of appealability for an appeal to be taken from the final order in a 28 U.S.C. §§ 2254 or 2255 proceeding. 28 U.S.C. § 2253(c)(1).[1]

■ The phrase "circuit justice or judge" contained in § 2253(c)(1) raises the question whether the AEDPA places the authority to issue certificates of appealability in sections 2254 and 2255 proceedings exclusively with the Circuit Justice and circuit judges, or whether certificates may also be issued by district judges. The phrase "circuit justice or judge" is ambiguous on its face, because "circuit" may modify only "justice," leaving any other "judge" able to issue a certificate, or "circuit" may modify both "justice" and "judge," in which case only circuit judges (along with the Circuit Justice) could issue a certificate. Which meaning Congress intended becomes apparent when we examine the amendment to Fed.R.App.P. 22(b) effectuated by section 103 of AEDPA.[2] The new Rule 22(b) makes clear that, for purposes of § 2254 proceedings, district judges may issue

---

1. 28 U.S.C. § 2254 governs final orders in a habeas proceeding in which the detention complained of arises out of a process issued by a state court. 28 U.S.C. § 2255 permits federal prisoners to file a motion to vacate, set aside or correct their sentence.

2. New Rule 22(b) provides:

   In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a cer-

tificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of proceedings in the district court. If the district judge denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a State or its representative, a certificate of appealability is not required.

certificates of appealability. We conclude, therefore, that Congress itself interprets "circuit justice or judge" in § 2253(c)(1) so that "circuit" modifies only "justice." There is no reason to believe that Congress intended to construe the term differently for § 2255 appeals than for § 2254 appeals. Our interpretation that district courts possess the authority to issue certificates of appealability in § 2255 as well as § 2254 proceedings is in agreement with the only other circuits directly to address the issue. *Lozada v. United States,* 107 F.3d 1011, 1014 (2d Cir.1997); *Hunter v. United States,* 101 F.3d 1565, 1583 (11th Cir.1996) (en banc); *see also United States v. Orozco,* 103 F.3d 389, 392 (5th Cir. 1996) (Rule 22, as amended by the AEDPA, applies to § 2255 proceedings).

■ District courts in this circuit should process notice of appeals from final orders in sections 2254 and 2255 proceedings in which the action was filed in the district court on or after April 24, 1996 in the same manner as the courts processed notice of appeals in section 2254 proceedings before the AEDPA.[3] Upon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. 28 U.S.C. § 2253(c)(3). If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. Finally, if the district court declines to issue a certificate, the Clerk of the district court shall forward to this court the case file with the notice of appeal, the district court's final order, and the order denying the certificate. *Id.*

Accordingly, we remand this case to the district court for the limited purpose of granting or denying a certificate of appealability within 42 days of this order.

---

**3.** Asrar filed his § 2255 motion in the district court on June 20, 1996. Therefore, the AEDPA applies to this case. *See Jeffries v. Wood,* 103 F.3d 827 (9th Cir.1996) (en banc) (order) (amendments to Chapter 153 of Title 28 of the United States Code contained in Title I of the AEDPA do not apply to cases filed in the federal courts prior to April 24, 1996, the effective date of the AEDPA).