IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40404
_____

PAUL ELSE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Texas
_____

February 20, 1997

ON RECONSIDERATION

Before POLITZ, Chief Judge, REAVLEY and DENNIS, Circuit Judges.

PER CURIAM:

The opinion previously entered in this case is hereby withdrawn and replaced with the following. The district court granted a certificate of probable cause for the appeal of the denial of habeas relief pursuant to 28 U.S.C. § 2254. Several days prior to this grant, a new law became effective: the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). We hold that the district court had the authority to issue a certificate of appealability under the AEDPA amendments to Federal Rule of Appellate Procedure 22(b) and

28 U.S.C. § 2253(c), and that the certificate meets the threshold requirements of appealability. On the merits we find no error, and affirm.

Prior to April 24, 1996, the date the AEDPA became effective, Rule 22(b) and 28 U.S.C. § 2253 required the issuance of a certificate of probable cause by a district or circuit judge prior to processing the appeal by an applicant for habeas arising from state detention. Rule 22(b), as revised by the AEDPA, now requires the issuance of a certificate of appealability by a "district or circuit judge" pursuant to 28 U.S.C. § 2253(c) before § 2254 appeals will be processed. AEDPA, § 103 (codified at FED.R.APP.P. 22(b) (Supp.1996)). The AEDPA revised 28 U.S.C. § 2253 so as to require the issuance of a certificate of appealability by a "circuit justice or judge" before an appeal may be taken from the final order in a proceeding directed at either state or federal detention. AEDPA, § 102 (codified at 28 U.S.C. § 2253(c)(1)(Supp. 1996)).

The first question is whether, under the AEDPA amendments, the district courts have the authority to issue certificates of appealability for appeals from habeas actions arising from state detention. While Rule 22(b) states that district judges do have this authority, the language of § 2253 does not expressly name "district" judges as those who may issue certificates of appealability. If there is any inconsistency, we would construe the express grant of authority to district courts as compelling, and we hold that district courts retain the authority to issue

2

certificates of appealability for § 2254 petitions under the AEDPA.[1]

The question remains whether the certificate of probable cause issued by the district court meets the threshold requirements of appealability. 28 U.S.C. § 2253 now requires a district court issuing a certificate of appealability to indicate which specific issue or issues present a substantial showing by the petitioner of the denial of a constitutional right. AEDPA, § 102 (codified at 28 U.S.C. § 2253(c)(3)(Supp. 1996)). In the present case, only one issue was presented in Else's habeas petition. In granting a certificate of probable cause, the district court clearly certified this sole issue for appeal. We find that this meets the threshold requirement of § 2253(c)(3).

We have previously held that the standard for issuance of a certificate of appealability pursuant to the AEDPA is the same as was required formerly for a certificate of probable cause. *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996). We will therefore treat the district court's certificate of probable cause as a certificate of appealability and address the merits of Else's claim.

Else's complaint is that the Texas Parole Board violated his due process rights by considering a dismissed criminal charge against him during his parole revocation hearing. The district

---

[1] The Eleventh Circuit sitting en banc recently held that under the AEDPA amendment of § 2253, district court judges have the authority to issue certificates of appealability for §§ 2254 and 2255 petitions. *Hunter v. United States*, 101 F.3d 1565, 1583-84 (11th Cir. 1996)(en banc).

court correctly rules that no constitutional claim was raised.  *See*
*Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir.
1993).

AFFIRMED.