# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-41410
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY JUNE STIFF,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(3:96-CV-64 & 3:94-CR-15)

June 23, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Billy June Stiff appeals the denial of his 28 U.S.C. § 2255 motion,

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contending that he received ineffective assistance of counsel: (1) when his trial counsel failed to secure for him an opportunity, as purportedly promised in a plea agreement, to give substantial assistance to the government, and (2) when his appellate counsel failed to raise this issue on appeal. The promise, according to Stiff, was embodied in the government's agreement "[t]o make known to the [c]ourt the degree of cooperation and veracity of statements of [d]efendant in the investigation." Stiff contends that the only effective remedy for counsel's alleged failure to enforce the plea agreement is to permit him to withdraw his guilty plea and to dismiss the indictment.

We do not address Stiff's claim that appellate counsel provided ineffective assistance, as the the trial court did not grant a certificate of appealability on that claim.[1] The trial court granted a COA only on the issue whether Stiff's "attorney was ineffective for failing to insure the fulfillment of the plea bargain in which movant would receive a downward departure motion in return for his cooperation." The plea agreement contained neither a promise nor a reference to a downward departure. Stiff does not otherwise suggest. It appears that Stiff's claim has been misconstrued. We must therefore decide whether the issue Stiff actually raised is before us.

---

[1]**See Lackey v. Johnson**, 116 F.3d 149 (5th Cir. 1997).

In **Lackey v. Johnson**,[2] we held that our review of a habeas petition was confined to the issue specified in the COA granted by the trial court. We also observed that we could not consider other issues advanced by the petitioner because those issues "were outside the ambit of the COA."[3] In **Else v. Johnson**,[4] we declined to remand an unspecific certificate of probable cause because the underlying habeas petition contained only one issue, and it was therefore obvious what the trial court had certified. There is little doubt in this case which of Stiff's original issues the trial court intended to certify. Because that issue is not outside the ambit of the COA as issued by the trial court, we conclude that Stiff's appeal is before us.[5]

Stiff relies primarily on two cases -- **United States v. Laday**[6] and **United States v. Ringling**.[7] Neither of these cases involved a claim based on ineffective assistance of counsel. Thus, they do not address the showing that Stiff must make

---

[2]116 F.3d at 151.

[3]**Id.** at 152.

[4]104 F.3d 82 (5th Cir. 1997) (per curiam) (on reconsideration).

[5]**Lackey**, 116 F.3d at 151.

[6]56 F.3d 24 (5th Cir. 1995).

[7]988 F.2d 504 (4th Cir. 1993).

3

under **Strickland v. Washington**[8] to prevail in this appeal. Under the Supreme Court's teachings, to warrant relief on a claim of ineffective assistance of counsel Stiff must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[9] "Judicial scrutiny of counsel's performance must be highly deferential" and must eliminate "the distorting effect of hindsight."[10] Thus, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[11] To overcome this presumption, a defendant must demonstrate that counsel's performance was deficient under an objective standard of reasonableness, and that the deficiencies caused prejudice.[12] "Establishing 'prejudice' . . . requires a showing that 'there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different'"[13] and that "counsel's deficient performance render[ed] the result of the trial unreliable or the

---

[8]466 U.S. 668 (1984).

[9]**Id.** at 687.

[10]**Id.** at 689.

[11]**Id.**

[12]**Id.** at 687.

[13]**Spriggs v. Collins**, 993 F.2d 85, 88 (5th Cir. 1993) (per curiam) (quoting **Strickland**, 466 U.S. at 694).

4

proceeding fundamentally unfair."[14]

We need not decide whether the government breached the plea agreement or whether trial counsel was deficient in failing to object to the alleged breach because Stiff has failed to demonstrate that he suffered prejudice as a result of trial counsel's conduct. The record is devoid of any evidence that the result of the sentencing proceedings would have been different if Stiff's trial counsel had successfully objected to the government's refusal to interview Stiff.[15] Stiff has not even suggested the information he would have offered the government. The government, however, has submitted an affidavit reflecting that the information Stiff volunteered after arrest was "of little value due to it being dated and vague." The record contains nothing to the contrary.[16] We perceive no basis for the

---

[14]**Lockhart v. Fretwell**, 506 U.S. 364, 372 (1993).

[15]Contrary to the argument in Stiff's brief, the question is not whether he would have "enter[ed] a plea agreement with the government if he new [sic] that the government would not fulfill its obligations under the agreement and that the defendant's attorney would do nothing to protect [his] rights under the agreement." Rather, the question is whether Stiff's "sentence would have been significantly less harsh" but for counsel's failure to object. **United States v. Acklen**, 47 F.3d 739, 742 (5th Cir. 1995); **United States v. Leischner**, 912 F.2d 470, 1990 WL 124495 (9th Cir. Aug. 27, 1990) (counsel's performance not ineffective for failing to object to conceded breach of plea agreement by the government where defendant could not show reasonable probability that sentencing proceedings would have been different had counsel objected).

[16]We reject Stiff's contention that the trial court abused its discretion in declining to conduct an evidentiary hearing. **See McDonald v. Johnson**, 139 F.3d 1056, 1060 (5th Cir. 1998) ("[A] petitioner need not receive an evidentiary hearing if it would not develop

5

conclusion that counsel's purported errors in any way adversely affected Stiff's sentence.

AFFIRMED.

---

material facts relevant to the constitutionality of his conviction.") (internal quotations and citation omitted).