195 F.3d 52 (D.C. Cir. 1999)
 United States of America, Appellee
v.
Winston Delano Weaver, Appellant
 No. 99-3063
 United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT
 Decided November 9, 1999
 
 Appeal from the United States District Court for the District of Columbia(No. 92cr00038)
 Wilma Antoinette Lewis, U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, and Mary-Patrice Brown, Assistant U.S. Attorney, entered appearances for appellee United States of America.
 Winston Delano Weaver, pro se.
 Before: Wald, Ginsburg, and Garland, Circuit Judges.
 Opinion for the Court filed by Circuit Judge Ginsburg.
 ON A CERTIFICATE OF APPEAL ABILITY FROM THE DISTRICT COURT
 Ginsburg, Circuit Judge:
 
 
 1
 Winston Weaver appeals the denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2255. Because appellate review is limited to the issues specified in the certificate of appeal ability, and the district court did not specify the issue(s) with respect to which Weaver made a substantial showing that he was denied a constitutional right, we remand the record for supplementation.
 
 I. Background
 
 2
 In 1992 Winston Weaver was convicted of conspiracy to distribute more than 50 grams of cocaine and cocaine base, two counts of attempted distribution of cocaine and cocaine base within 1,000 feet of a school, and unlawful use of a communication facility. Weaver's conviction and 120-month sentence were affirmed by this court on direct appeal. United States v. Weaver, 55 F.3d 685 (D.C. Cir. 1995) (table). In 1997 Weaver filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, based upon ineffective assistance of counsel and prosecutorial misconduct. He claimed his trial counsel was ineffective for failing to cross-examine witnesses properly, to locate a defense witness, and to obtain impeachment evidence against witnesses, and that the prosecutor engaged in misconduct.
 
 
 3
 In April 1999, after briefing but without argument, the district court denied Weaver's § 2255 motion. Weaver then filed with the district court an application for a certificate of appeal ability (COA), asserting that the court improperly failed to resolve certain issues and to provide him with an evidentiary hearing, which he deemed particularly important because he was trying to establish (1) when defense counsel and the Government learned that one of the Government's witnesses had testified falsely; and (2) that counsel had made no attempt to locate a defense witness. The district court granted the COA.
 
 II. Discussion
 
 4
 The district court is to issue a COA only if the applicant has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The COA must "indicate which specific issue or issues satisfy" that standard, 28 U.S.C. § 2253(c)(3)--unless perhaps the petitioner has presented only one issue to the district court. See Else v. Johnson, 104 F.3d 82, 83 (5th Cir. 1997). Appellate review is limited to the issue(s) specified in the COA. See, e.g., Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).
 
 
 5
 In this case the district court did not, as required by 28 U.S.C. § 2253(c)(3), specify the issue or issues as to which Weaver made a substantial showing he was denied a constitutional right. Because Weaver's application for a COA raises several claims, it is impossible to glean from the present record which issue(s) the district court thought worthy of appeal. Cf. Murray, 145 F.3d at 1250-51 (determining that while court of appeals could not decide issue not specified in COA, it could "construe the issue specification in light of the pleadings and other parts of the record"). Therefore we must remand the record for the district court to specify the issue or issues for appeal. See Muniz v. Johnson, 114 F.3d 43, 46 (5th Cir. 1997); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1076 (6th Cir. 1997); Hunter v. United States, 101 F.3d 1565, 1584 (11th Cir. 1996); but cf. Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (holding remand for specification of issues unnecessary where clear from briefing appellant had not made substantial showing he was denied any constitutional right).
 
 
 6
 It is so ordered.