IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11352
Conference Calendar
_____


JOE L. LUTZ,

                                        Plaintiff-Appellant,

versus

CHRIS CARLSON, Parole Board Member; CRAIG HINES, Parole Board
Members; UNKNOWN, Two Parole Board Members,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CV-616-E
--------------------

December 16, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Joe L. Lutz, Texas prisoner # 389813, appeals the district

court's dismissal of his 42 U.S.C. § 1983 action for failure to

state a claim upon which relief may be granted.  Lutz argues that

Heck v. Humphrey, 512 U.S. 477 (1994) should not bar this

litigation because the underlying criminal offense upon which his

parole was revoked was dismissed.  Heck v. Humphrey applies to

claims for damages related to violations of constitutional rights

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in parole proceedings.  <u>McGrew v. Texas Bd. of Pardons & Paroles</u>,

47 F.3d 158, 160-61 (5th Cir. 1995).  Because an action attacking

the validity of a parole proceeding calls into question the fact

and duration of confinement, a § 1983 plaintiff must prove that a

sentence imposed as a result of revocation proceedings has been

invalidated by a state or federal court.  <u>Id</u>. at 161.  The fact

that the underlying criminal charges were dismissed does not

affect the validity of the parole proceedings which Lutz seeks to

challenge and does not bar application of <u>Heck</u>.  <u>See</u> <u>Else v.</u>

<u>Johnson</u>, 104 F.3d 82, 83 (5th Cir. 1997).

Lutz also argues that he was denied equal protection,

arguing that other inmates, similarly situated, were released and

reinstated to parole after having been found guilty on the same

class of misdemeanor charges.  In order to state a claim for the

denial of equal protection, Lutz would have had to allege that he

was treated more severely in his parole revocation due to his

race or other improper motive, and not just due to an

inconsistent application or result.  <u>See</u> <u>Thompson v. Patteson</u>,

985 F.2d 202, 207 (5th Cir. 1993).  Lutz has not made such

allegations of improper motive.

The district court did not err in dismissing Lutz's action

for failure to state a claim.  Further, Lutz's appeal is without

arguable merit and is frivolous.  <u>See</u> <u>Howard v. King</u>, 707 F.2d

215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it

is dismissed.  <u>See</u> 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  We caution Lutz that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.