Kevin Ray FOWLER, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CIV.A. 3:1998CV24.

United States District Court,
N.D. West Virginia,
Martinsburg Division.

Aug. 1, 2000.

Thomas O. Mucklow, AUSA, Martinsburg, WV, for U.S.

## MEMORANDUM OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

BROADWATER, District Judge.

Petitioner filed an application for a certificate of appealability [1] of the Court's Order denying his petition for a writ of habeas corpus.[2] For the reasons set forth below, the Court **ORDERS** that the application is **DENIED**.

### I. FACTS AND PROCEDURAL BACKGROUND

Kevin Ray Fowler (petitioner) was named in seven (7) counts in a one hundred thirteen (113) count indictment charging petitioner with, *inter alia,* the distribution of crack cocaine and as a felon in possession of a firearm.[3] After entering a guilty plea,[4] the Trial Judge sentenced petitioner to a term of incarceration of two hundred and seventy (270) months.[5]

Petitioner then filed a petition for a writ of habeas corpus.[6] After taking the petition under advisement,[7] the Court denied the petition.[8]

Petitioner then filed various motions to reconsider.[9] The Court denied these motions.[10] Petitioner has now filed an application for a certificate of appealability.[11]

### II. DISCUSSION OF LAW

A. *Jurisdiction.*

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) into law.[12] Under the AEDPA, an appellant

1. Doc. # 678.

2. Doc. # 644.

3. Doc. # 1.

4. Doc. # 210.

5. Doc. # 439.

6. Doc. # 589.

7. Doc. # 622.

8. Doc. # 644.

9. Docs. # # 646, 651.

10. Docs. # # 649, 675.

11. Doc. # 678.

12. Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–32, 110 Stat. 1214 (codified as amended in scattered sections of 28 U.S.C.).

must first obtain a certificate of appealability (COA) to appeal a final Order in a petition for a writ of habeas corpus.[13]

### 1. *Section 2253(c).*

Section 102 of the AEDPA, codified, in pertinent part, at 28 U.S.C. § 2253(c)(1), provides that

> (1) Unless a *circuit justice or judge* issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.[14]

The language of section 2253 is not precise.[15] On the one hand, the Court can interpret "circuit justice or judge"[16] to mean either a Circuit or a District Court Judge. Under this interpretation, the District Court has the authority to issue a COA.[17]

On the other hand, the Court can interpret "circuit justice or judge"[18] to mean only a Circuit Court Judge and not a District Court Judge. Under this interpretation, the District Court does not have the authority to issue a COA.[19]

Therefore, section 2253 does not clearly address whether the District Court may issue a COA.

### 2. *FED. R.APP. P. 22(b)(1).*

The AEDPA amended portions of the Federal Rules of Appellate Procedure.[20] Amended Rule 22(b)(1) provides, in pertinent part, that "[i]n a habeas corpus proceeding ... the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."[21]

In contrast to the two possible interpretations of section 2253,[22] there is only one interpretation of Rule 22: both a Circuit Court Judge and a District Court Judge

---

**13.** *See generally* 28 U.S.C.A. § 2253(c)(1) (West Supp.2000); FED. R.APP. P. 22(b)(1).

**14.** 28 U.S.C.A. § 2253(c)(1)(A)-(B) (West Supp.2000)

**15.** *See United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir.1997) ("The phrase 'circuit justice or judge' is ambiguous on its face"); *Lozada v. United States*, 107 F.3d 1011, 1014 (2d Cir.1997) ("The grammatical issue is whether 'circuit' modifies only 'justice' or both 'justice' and 'judge.'"); *Hunter v. United States*, 101 F.3d 1565, 1574 (11th Cir.1996) ("Unfortunately, that phrase is ambiguous, because the adjective 'circuit' can be read in either of two ways.").

**16.** 28 U.S.C.A. § 2253(c)(1) (West Supp. 2000).

**17.** *See, e.g., Asrar*, 116 F.3d at 1269 ("'[C]ircuit' may modify only 'justice,' leaving any other 'judge' able to issue a certificate"); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1070 (6th Cir.1997) ("'[I]f 'circuit' in 'circuit justice or judge' is read as the antecedent only of 'justice' and not of 'judge' then the phrase means 'circuit justice or any judge.'"); *Hunter*, 101 F.3d at 1574 ("'[C]ircuit' can be read to modify only 'justice' and

not 'judge'; if that is what Congress meant, district court judges are authorized to issue certificates of appealability"). *But see Lyons*, 105 F.3d at 1070 ("This is, indeed, a tortured interpretation, but a possible one.").

**18.** 28 U.S.C.A. § 2253(c)(1) (West Supp. 2000).

**19.** *See, e.g., Asrar*, 116 F.3d at 1269 ("'[C]ircuit' may modify both 'justice' and 'judge,' in which case only circuit judges (along with the Circuit Justice) could issue a certificate."); *United States v. Eyer*, 113 F.3d 470, 472 (3d Cir.1997) ("Obviously, if 'circuit' applies to 'judge' then only a court of appeals judge or circuit justice can issue a certificate of appealability."); *Hunter*, 101 F.3d at 1574 ("'[C]ircuit' can be read to modify both 'justice' and 'judge'; if that is what Congress meant, district court judges are not authorized to issue certificates of appealability").

**20.** AEDPA § 103, amending FED. R.APP. P. 22(b).

**21.** FED. R.APP. P. 22(b)(1).

**22.** *See supra* notes 15–19.

have the authority to issue a COA.[23]

### 3. *The Conflict.*

This, therefore, presents a conflict. The AEDPA has provisions providing that only the Circuit Court may issue a COA.[24] At the same time, the AEDPA has provisions providing that both the Circuit Court and the District Court may issue a COA.[25]

### 4. *Fourth Circuit Law.*

The Fourth Circuit has not definitively addressed whether the District Court has the authority to issue a COA.[26] The Fourth Circuit's only guidance lies in unpublished opinions noting that District Courts do not

err in denying a COA.[27] However, because these are unpublished opinions, these opinions are not binding authority.[28] The Court, therefore, looks to Courts outside the Fourth Circuit for guidance.

### 5. *Law Outside the Fourth Circuit.*

The Circuit Courts, outside the Fourth Circuit, have all held that District Courts have the authority to issue a COA in appeals of petitions for habeas corpus under section 2255,[29] 2254,[30] or under both sections.[31] In concluding that the District Court may issue a COA, these Courts find persuasive, cannons of statutory construction,[32] the legislative history,[33] and the legislative intent [34] of the AEDPA.

**23.** *See, e.g., Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1070 (6th Cir.1997) ("Rule 22, in contrast, can only be read as authorizing both district and circuit judges to issue certificates."); *see also Hunter,* 101 F.3d at 1575 ("[T]here is only one plausible interpretation of [Rule 22]").

**24.** *See supra* note 19.

**25.** *See supra* notes 17 & 23; *see also Houchin v. Zavaras,* 107 F.3d 1465, 1468 (10th Cir. 1997) ("The internal inconsistencies between amended § 2253 and Rule 22 are readily apparent.").

**26.** *See, e.g., Burris v. United States,* Nos. 3:98–CV–516–P, 3:93–CR–240–01–P, 1999 WL 1569814, at *2 (W.D.N.C. Nov.8, 1999) ("The Fourth Circuit, however, has not yet addressed the question."); *Weeks v. Angelone,* 4 F.Supp.2d 497, 537 (E.D.Va.1998) ("[T]he Fourth Circuit has not yet addressed this issue").

**27.** *See, e.g., United States v. Sanchez,* No. 99–7547, 2000 WL 331634, at *1 (4th Cir. Mar.30, 2000) ("We find that the district court's denial of Sanchez's application for a certificate of appealability was proper"); *United States v. Greaves,* No. 99–7342, 2000 WL 42999, at *1 (4th Cir. Jan.20, 2000) (finding no reversible error in the District Court's Order denying petitioner's COA).

In *Wright v. Angelone,* 151 F.3d 151 (4th Cir.1998), the Fourth Circuit concluded, as did the District Court, that because petitioner failed to make the requisite "substantial showing of the denial of a constitutional right", the Fourth Circuit too denied the COA. *See id.* at 154 ("[W]e, too, conclude that Wright has failed to make 'a substantial show-

ing of the denial of a constitutional right.' ") (citations omitted).

**28.** *See* 4TH CIR. R. 36(b) & (c); *United States v. Ruhe,* 191 F.3d 376, 392 (4th Cir.1999) ("[U]npublished opinions are not binding precedent in this circuit.") (citing *Hogan v. Carter,* 85 F.3d 1113, 1118 (4th Cir.1996)).

**29.** *See United States v. Weaver,* 195 F.3d 52, 53 (D.C.Cir.1999).

**30.** *See Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir.1997); *Houchin v. Zavaras,* 107 F.3d 1465, 1469 (10th Cir.1997) ("We emphasize that our holding extends only to the authority district court judges retain to issue certificates of appealability in § 2254 appeals under the provisions of the AEDPA.").

**31.** *See Williams v. United States,* 150 F.3d 639, 640–41 (7th Cir.1998); *Grant–Chase v. Commissioner,* 145 F.3d 431, 435 (1st Cir. 1998) ("We therefore rule that a COA from a district judge as to an issue is itself sufficient to permit an appeal of the issue in 28 U.S.C. §§ 2254 and 2255 proceedings."); *Kincade v. Sparkman,* 117 F.3d 949, 953 (6th Cir.1997); *United States v. Asrar,* 116 F.3d 1268, 1269–70 (9th Cir.1997); *Banks v. Horn,* 126 F.3d 206, 210 (3d Cir.1997); *United States v. Youngblood,* 116 F.3d 1113, 1114 (5th Cir. 1997); *Lozada v. United States,* 107 F.3d 1011, 1016 (2d Cir.1997); *Hunter v. United States,* 101 F.3d 1565, 1573–84 (11th Cir. 1996).

**32.** *See Eyer,* 113 F.3d at 473; *Houchin,* 107 F.3d at 1469; *Lozada,* 107 F.3d at 1015; *Lyons,* 105 F.3d at 1069–70; *Else v. Johnson,* 104 F.3d 82, 83 (5th Cir.1997); *Hunter,* 101 F.3d at 1576–77.

### 6. *This Court's Approach.*

■ This Court concludes that, under the AEDPA, the District Court has the authority to issue a COA in an appeal of a petition for a writ of habeas corpus under section 2255. This approach is consistent with the cannon of statutory construction [35] guiding the Court to give meaning to an entire statute,[36] and effectively harmonizes the provisions of the AEDPA codified in Rule 22(b) and section 2253.[37] Further, this approach is consistent with the legislative history of the AEDPA illustrating that Congress intended District Courts to have the authority to issue a COA.[38] As well, this approach is consistent with the majority of Courts outside the Fourth Circuit.[39]

### B. *Standard.*

■ Having concluded that this Court has the authority to issue a COA, the Court addresses the standard governing the application of a COA. In order to obtain a COA, petitioner must set forth specific issues [40] that amount to "a substantial showing of the denial of a constitutional right." [41] This means that the petitioner must show that either "reasonable jurists could debate whether ... the petition should have been resolved in a different manner" [42] or whether the issues presented in the petitioner were " 'adequate to deserve encouragement to proceed further.' " [43]

---

**33.** *See Houchin*, 107 F.3d at 1469; *Lozada*, 107 F.3d at 1015; *Hunter*, 101 F.3d at 1577–83. *But see Lyons*, 105 F.3d at 1071 ("In the end, then, none of the Act's legislative history gives any indication as to how Congress would decide the issue.").

**34.** *See Lyons*, 105 F.3d at 1072–73.

**35.** *See NLRB v. United Food and Commercial Workers Union*, 484 U.S. 112, 123, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987) ("On a pure question of statutory construction, our first job is to try to determine congressional intent, using 'traditional tools of statutory construction.' ").

**36.** *See Bend v. Hoyt*, 38 U.S. 263, 272, 13 Pet. 263, 10 L.Ed. 154 (1839) ("Now, it is the duty of Courts of Justice so to construe all statutes as to give full effect to all the words in their ordinary sense, if this can be properly done; and thus to preserve the harmony of all the provisions.").

**37.** *See, e.g., Eyer*, 113 F.3d at 473 ("Our conclusion harmonizes Rule 22(b) and section 2253(c)(1), and thus we reject any suggestion that these provisions are inconsistent."); *Lyons*, 105 F.3d at 1070 ("[W]e find that these canons of statutory construction point toward giving effect to the lengthy and detailed provisions of Rule 22(b), rather than to the easily overlooked language of § 253(c)(1).").

**38.** *See Houchin*, 107 F.3d at 1469 ("A review of the history of proposals to amend the provisions for issuance of a certificate permitting appeals from collateral review shows that efforts to deny district judges the ability to issue such certificates have consistently failed."); *Hunter*, 101 F.3d at 1577–1583 (surveying the

legislative history of the AEDPA and concluding that the legislative history illustrates that District Courts have the authority to issue a COA); *see also Lozada*, 107 F.3d at 1015–16 ("Congress knew how to restrict the role of district judges with respect to habeas corpus procedure, and made its intention to do so clear as to second or successive petitions, but not as to permission to appeal the denial of a first petition.").

**39.** *See supra* notes 29–31. Therefore, like the Second Circuit, this Court, too, is "reluctant to precipitate a circuit split on an issue that will arise almost every day in every district court in the country." *Lozada*, 107 F.3d at 1016.

**40.** 28 U.S.C.A. § 2253(c)(3) (West Supp. 2000).

**41.** *Id.* § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right"); *Murphy v. Netherland*, 116 F.3d 97, 99 (4th Cir.1997) ("In order to obtain a certificate of appealability, a petitioner whose habeas corpus petition was denied by a district court must make 'a substantial showing of the denial of a constitutional right.' ") (citations omitted).

**42.** *Slack*, 120 S.Ct. at 1603–04.

**43.** *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983));

C. *Application.*

▮ Petitioner has not set forth specific issues that demonstrate a substantial showing of a denial of a constitutional right.[44] In support of his application for a COA, petitioner alleges (1) that his counsel was ineffective, (2) that he is actually innocent of the crime to which he pled guilty, and (3) "the rest of the issues raised in his original 2255 motion ... with the exception of Issue # 1."[45] The Court, however, has already thoroughly considered and denied in detail these same issues in the May 12, 1999 Memorandum Opinion and Order denying his petition for a writ of habeas corpus.[46] For this reason, the Court is of the Opinion that petitioner has not set forth specific issues substantially showing a denial of a constitutional right.[47]

### III. CONCLUSION

Therefore, the Court **ORDERS** that the petition for a COA is **DENIED**. The Court further **ORDERS** that the matter be **DISMISSED** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to counsel of record herein.

---

44. *See supra* notes 40–41.

45. Doc. # 678.

46. Doc. # 644.

47. *See supra* notes 40–41; *see also Roach v. Angelone,* 176 F.3d 210, 212–13 (4th Cir.

1999) (denying a COA for failure to make a substantial showing of the denial of a constitutional right); *Fitzgerald v. Greene,* 150 F.3d 357, 360 (4th Cir.1998) (same); *Murphy v. Netherland,* 116 F.3d 97, 101 (4th Cir.1997) (same).