IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40493
Summary Calendar
_____

THOMAS E. SIMMONS,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CV-170
--------------------
March 7, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Thomas E. Simmons, Texas prisoner #379918, appeals the district court's denial of his 28 U.S.C. § 2254 petition, in which he challenged his disciplinary conviction for threatening an officer.  He argues that the district court erred in denying his claim that the disciplinary charge was brought in retaliation

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for his having filed an Americans With Disabilities Act ("ADA") lawsuit against the prison.

The respondent's challenges to this court's jurisdiction are without merit. The district court did not abuse its discretion in granting Simmons' motion to reopen because the conditions set forth in FED. R. APP. P. 4(a)(6) were satisfied. See In re Jones, 970 F.2d 36, 39 (5th Cir. 1992). Contrary to the respondent's contentions, notice to counsel of the entry of judgment was insufficient under the circumstances of this case, and Simmons himself was entitled to notice of the entry of judgment as required by FED. R. APP. P. 4(a)(6)(B).

Although under 28 U.S.C. § 2253(c)(3), an order granting a certificate of appealability (COA) must specify the issue or issues on which the applicant has made a substantial showing of the denial of a constitutional right, a limited exception to this requirement "applies where the petitioner presented only one issue to the district court." See Muniz v. Johnson, 114 F.3d 43, 45 n.1 (5th Cir. 1997)(citing Else v. Johnson, 104 F.3d 82, 83 (5th cir. 1997)). As Simmons points out, the only claim to survive summary judgment and on which the district court ordered an evidentiary hearing was Simmons' retaliation claim. In his reply brief, Simmons states that he has waived "all claims but the retaliation claim" and that the retaliation claim "is the sole subject of the instant appeal." Based on the foregoing, this court declines to remand and construes the district court's

order granting COA as directed to Simmons' retaliation claim. See Muniz, 114 F.3d at 45 n.1; Else, 104 F.3d at 83.

Contrary to Simmons' contentions, the testimony offered at the evidentiary hearing does not support his retaliation claim, but supports the district court's dismissal of the claim. The testimony established that there is no dispute that Simmons made statements to Curtis; that those statements included references to Nagle and suggested that other prison officers would face the same fate as Nagle; and that Simmons made these statements two weeks after Nagle was killed, when a zero tolerance policy for such statements was in place at the prison. In light of the foregoing, the magistrate judge's and district court's finding that Simmons did not present evidence establishing a retaliation claim, but "at most [Simmons] ha[d] shown that officials overreacted to his comments" was not clearly erroneous. See Clarke v. Stalder, 121 F.3d 222, 231-32 (5th Cir. 1997), vacated on other grounds, 154 F.3d 186 (5th Cir. 1998)(en banc).

Although Simmons asserts that the disciplinary charge was "false" based on Curtis' testimony that she believed a lesser offense would have been more appropriate, Curtis confirmed at the evidentiary hearing that Simmons made the statement set forth in her offense report. The district court previously concluded that, based on the statement in the offense report, "some evidence" supported Simmons' conviction for threatening an officer. See Superintendent, Mass. Correctional Inst., Walpole

v. Hill, 472 U.S. 445, 455 (1985).  Simmons does not challenge this specific finding.

Although Simmons asserts numerous arguments in support of his assertion that he presented a "chronology of events" establishing a retaliation claim, he presents no sound basis for disturbing the magistrate judge's and district court's findings that the "chronology of events" he presented did not compel a finding of retaliation.  See Clarke, 121 F.3d at 232.

Based on the foregoing, the district court's judgment denying Simmons' 28 U.S.C. § 2254 petition is AFFIRMED.