

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2006

# Moore v. Dodrill

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Moore v. Dodrill" (2006). *2006 Decisions.* Paper 877.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/877

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5467
_____

JONATHAN M. MOORE,
                              Appellant

v.

WARDEN SCOTT DODRILL
_____

Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-02168)
District Judge:  Honorable John E. Jones, III
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action   Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 2, 2006

Before:  RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed June 19, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Jonathan M. Moore appeals from an order denying his petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  The District Court denied the petition on the

merits.  Because the District Court lacked jurisdiction to consider the petition, we will

vacate the District Court's order and remand the matter so that the District Court can dismiss the petition.

In 1993, Moore pled guilty in the Northern District of Ohio to bank robbery and violating 18 U.S.C. § 924(c). Section 924(c) makes it a crime for any person who uses or carries a firearm during and in relation to any crime of violence. The indictment charged Moore under both the using and carrying prongs of § 924(c). After Moore withdrew his direct appeal, he filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion, and the United States Court of Appeals for the Sixth Circuit affirmed.

In December 2003, Moore filed this petition for writ of habeas corpus in the Middle District of Pennsylvania, attempting to challenge his conviction under § 924(c).[1] Moore contends that he did not use the firearm within the meaning of the statute pursuant to Bailey v. United States, 516 U.S. 137 (1995).[2] The District Court found that it had jurisdiction to consider the petition.[3] Subsequently, Moore moved to amend his petition

_____

[1] At the time the petition was filed, Moore was incarcerated at USP-Lewisburg in Lewisburg, Pennsylvania. He has since been transferred to USP-McCreary in Pine Knot, Kentucky.

[2] In Bailey, the Supreme Court stated that a defendant could not be convicted of "using" a firearm under § 924(c) unless he actively employs the firearm. 516 U.S. at 143. Bailey was decided after Moore's § 2255 motion was adjudicated and is retroactively applied to cases on collateral review. See Bousley v. United States, 523 U.S. 614 (1998).

[3] After deciding that it had jurisdiction to consider the petition, the District Court transferred the case to the Northern District of Ohio. However, the Northern District of Ohio subsequently transferred the case back to the Middle District.

to add a claim that his sentence was unconstitutional pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005). The District Court denied Moore's § 2241 petition on the merits and denied his motion to amend the petition. Moore timely filed a notice of appeal.[4]

A federal prisoner's challenge to the legality of his sentence and conviction must be raised in a § 2255 motion, except where the remedy under § 2255 would be inadequate or ineffective. <u>See</u> 28 U.S.C. § 2255; <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>see</u> <u>also</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F. 3d 536, 538 (3d Cir. 2002)(per curiam)(stating a § 2241 habeas petition cannot be entertained by the court unless a § 2255 motion would be inadequate or ineffective). A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates some limitation in scope or procedure which would prevent a § 2255 proceeding from affording him a full adjudication on his wrongful detention claim. <u>See</u> <u>Cradle</u>, 290 F.3d at 538 (citations omitted). Section 2255 is ineffective or inadequate where a petitioner is in the unusual position of having no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. <u>See</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002).

Relying on <u>Dorsainvil</u>, Moore argues that § 2255 is inadequate or

---

[4] Our review is plenary over the District Court's legal conclusions and clearly erroneous as to its factual findings. <u>See</u> <u>Lambert v. Blackwell</u>, 134 F.3d 506, 512, (3d Cir. 1998). The standard of review over a denial of a motion to amend is abuse of discretion. <u>See</u> <u>Lake v. Arnold</u>, 232 F.3d 360, 373 (3d Cir. 2000)(citations omitted). Summary action is warranted when no substantial question is presented by the appeal. <u>See</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002)(per curiam).

ineffective to consider his Bailey claim. In Dorsainvil, this Court stated that the petitioner could bring a Bailey claim under § 2241 because he did not have the opportunity to challenge his conviction under § 2255 for a crime that Bailey subsequently negated. See 119 F.3d 245. Under the current circumstances however, Moore's reliance on Dorsainvil is misplaced. Bailey did not implicate the "carrying" prong of § 924(c). See United States v. Eyer, 113 F.3d 470, 475-76 (3d Cir. 1997)(noting that Bailey is not implicated where petitioner was clearly convicted of carrying a firearm). As previously noted, Moore pled guilty to both "using" and "carrying" a firearm in violation of § 924(c). Moore's Bailey claim does not fall under the Dorsainvil exception because he has not shown that there has been an intervening change in substantive law that negated the criminal nature for which he pled guilty (i.e., carrying a firearm during and in relation to a crime of violence). See Muscarello v. United States, 524 U.S. 125 (1998)(detailing what constitutes carrying under § 924(c)). Therefore, the District Court lacked jurisdiction to consider the § 2241 petition.[5]

In conclusion, Moore has failed to show that § 2255 is inadequate or ineffective to consider his claims. Thus, the District Court lacked jurisdiction to consider the § 2241 habeas petition. For these reasons, we will vacate the District Court's

---

[5] Additionally, Moore has not shown that § 2255 is inadequate or ineffective to consider the Booker claim raised in his motion to amend the § 2241 petition. We also note that the rule announced in Booker does not apply retroactively to cases on collateral review. See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005).

December 8, 2005 order and remand so that the District Court can enter an order dismissing the petition for lack of jurisdiction.