10-205-pr
Blackman v. Ercole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

————————

August Term, 2011

(Submitted: October 18, 2011                    Decided: October 27, 2011)

Docket No. 10-205-pr

————————

DAMON BLACKMAN,

      *Petitioner-Appellant*,

      -v.-

ROBERT ERCOLE, Superintendent,

      *Respondent-Appellee.*

————————

Before: MINER, CABRANES, and LIVINGSTON, *Circuit Judges.*

————————

Petitioner Damon Blackman, *pro se*, appeals from a December 21, 2009 judgment of the United States District Court for the Eastern District of New York denying his petition for a writ of habeas corpus. Although the district judge granted Blackman a Certificate of Appealability ("COA"), the COA did not specify the issue or issues for which it was granted. We remand the cause for specification of the issue or issues on which the COA was granted. *See* 28 U.S.C. § 2253(c)(2)–(3) (2006) (requiring that a COA indicate the "specific issue or issues" on which petitioner has made a "substantial showing of the denial of a constitutional right").

1

Damon Blackman, *pro se*, Otisville, NY.

Ann Bordley (Victor Barall, Ann Bordley, *on the brief*), Assistant District Attorneys, *for* Charles J. Hynes, District Attorney Kings County, Brooklyn, NY, *for Respondent-Appellee.*

PER CURIAM:

Petitioner-appellant Damon Blackman, *pro se*, a New York state prisoner serving a 10-year sentence for first-degree robbery, appeals from a December 21, 2009 judgment of the United States District Court for the Eastern District of New York denying his *pro se* petition for a writ of habeas corpus. Although the district judge granted Blackman a Certificate of Appealability ("COA"), the COA did not specify the issue or issues on which it was granted. Pursuant to 28 U.S.C. § 2253(c)(2)–(3),[1] we remand the cause to the District Court for specification of the issue or issues on which the COA was granted.

## BACKGROUND

On July 21, 2003, after a jury trial in New York state court, Blackman was convicted of Robbery in the First Degree, N.Y. Penal Law § 160.15[4], and sentenced to a 10-year term of imprisonment on September 29, 2003. The Appellate Division, Second Department, affirmed his conviction on December 27, 2004, *People v. Blackman*, 789 N.Y.S.2d 57 (2d Dep't 2004), and the New York State Court of Appeals denied Blackman's application for leave to appeal on February 25, 2005, *People v. Blackman*, 4 N.Y.3d 796 (2005).

---

[1] The complete text of 28 U.S.C. § 2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

    **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    **(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

On February 16, 2006, Blackman, *pro se*, filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York, raising claims that were exhausted in the state court. The district judge issued a Memorandum & Order, dated December 14, 2009, denying all of Blackman's claims on the merits. *Blackman v. Ercole*, No. 06-cv-855(SLT)(SMG), 2009 WL 4891767 (E.D.N.Y. Dec. 17, 2009).

Thereafter, on January 15, 2010, the Office of the Clerk of the United States District Court for the Eastern District of New York ("Clerk's Office") forwarded to the district judge a memorandum conveying Blackman's request for a COA. The memorandum consisted of a standard form that listed several possible motions or requests that a petitioner might have filed, with a blank line to the left of each, on which the Appeals Clerk in the Clerk's Office could mark manually the applicable motions or requests. The standard form provided two additional blank lines to the right of each motion or request, labeled "Granted" and "Denied," on which the addressee district judge manually could indicate his or her action on each relevant motion or request.

The standard form memorandum on which the district judge granted the COA in this case included two markings: (1) at the leftmost column, a mark of the Appeals Clerk in the Clerk's Office recording Blackman's request for a COA, entered on or around January 15, 2010, the date on which the memorandum was sent from the Clerk's Office to the district judge; and (2) at a column to the right, a mark by the district judge designating Blackman's request for a COA as "Granted," entered on or around August 9, 2010, the date on the COA:

**Attached please find Motion/Request for:**

_____ Leave to appeal in forma pauperis

                                               _____          _____
                                               Granted    Denied

__✓__ Certificate of Appealability              __X__       _____
                                                Granted    Denied

_____ Notice of Appeal. There is no request for or ruling on, Certificate of Appealability.     _____   _____
                                                Granted    Denied

_____ Extension of Time to File Notice of Appeal   _____   _____
                                                Granted    Denied

_____ Assignment of Counsel.                         _____   _____
                                                Granted    Denied

_____ Reconsideration                               _____   _____
                                                Granted    Denied

The form did not request that the district judge indicate the specific issue or issues pursuant to which the COA was granted, and the district judge did not provide any further information clarifying the issue or issues to be considered on appeal. Notwithstanding this lack of specificity, the parties fully briefed all of the issues.

## DISCUSSION

The federal habeas appeals statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides that a district court may issue "[a] certificate of appealability . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). In granting a COA, a district judge is required to indicate the "specific issue or issues" that satisfy the "substantial showing of the denial of a constitutional right" standard, *id.* § 2253(c)(3)—a threshold procedural requirement designed to "avoid[] the waste of judicial energy on the consideration of clearly meritless claims," *Grotto v. Herbert*, 316 F.3d 198, 209 (2d Cir. 2003).

In this case, the district judge entered a COA that failed to comply with § 2253(c) because its ruling consisted of only an "X" placed above the "Granted" option on the standard form memorandum provided by the Clerk's Office and contained no specification of the issue or issues for which the COA was granted. *See* 28 U.S.C. § 2253(c)(2)–(3). This does not appear to have been

an isolated error, but rather, an oversight triggered by the practice of the Clerk's Office to notify district judges of requests for COAs using a form that solicits only a "Granted" or "Denied" response.

Like many habeas petitioners, Blackman raised several claims, all of which the district judge determined were meritless. Appellate courts cannot waste scarce judicial resources by wading through trial records in an effort to guess which issues a district judge may have deemed worthy of appellate review. Accordingly, we join our sister circuits that have considered and remanded similarly deficient COAs for specification of issues certified for appeal.[2] *See, e.g., Bell v. Fla. Att'y Gen.*, 614 F.3d 1230, 1232 (11th Cir. 2010) (per curiam); *United States v. Weaver*, 195 F.3d 52, 53 (D.C. Cir. 1999); *Muniz v. Johnson*, 114 F.3d 43, 46 (5th Cir. 1997); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1076 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997); *Hunter v. United States*, 101 F.3d 1565, 1584 (11th Cir. 1996).

## CONCLUSION

For the reasons described above, we remand the cause for a statement of the issue or issues on which the district judge has granted the Certificate of Appealability.

---

[2] We decline to address whether a COA that fails to specify the issue or issues for appeal may nevertheless suffice to confer jurisdiction on this Court under 28 U.S.C. § 2253(c), or whether, in certain circumstances, we may address the merits of a petitioner's claims despite their having been brought to the attention of the Court of Appeals by a defective COA. *Cf. Soto v. United States*, 185 F.3d 48, 52–53 (2d Cir. 1999) (holding that a "certificate of appealability issued without meeting the 'substantial showing of the denial of a constitutional right' requirement nonetheless suffices to confer appellate jurisdiction" (quoting 28 U.S.C. § 2253(c)(2))).