10-3218-cr
United States v. Santos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of June, two thousand twelve.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> J. CLIFFORD WALLACE,[*]

> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                                No.      10-3218-cr

Manuel Santos
> *Defendant - Appellant*.

_____

---

[*] Judge J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

FOR APPELLANT:          Bobbi C. Sternheim, New York, N.Y.

FOR APPELLEE:           Jo Ann M. Navickas, Carrie N. Capwell, Assistant United States
                        Attorneys, *of counsel*, *for* Loretta E. Lynch, United States Attorney
                        for the Eastern District of New York, Brooklyn, N.Y.

_____

Appeal from a judgment of the United States District Court for the Eastern District of New York (Trager, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Manuel Santos appeals from the judgment of the district court, upon a guilty verdict, convicting him of two counts of an intentional killing, in violation of 21 U.S.C. § 848(e)(1)(A), and one count of possession and discharge of a firearm in furtherance of the first two counts, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Following his trial, Santos filed two separate Rule 33 motions seeking a new trial, both of which the district court denied. On appeal, Santos challenges, first, the district court's denial of his request to present additional evidence in support of his first Rule 33 motion based on the alleged perjury of one of the government's expert witnesses and, second, the district court's denial of his second Rule 33 motion based on alleged *Brady* violations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

We review a district court's denial of a Rule 33 motion for abuse of discretion and will uphold a district court's findings of fact unless those findings are clearly erroneous. *United*

2

*States v. Stewart*, 433 F.3d 273, 295 (2d Cir. 2006). Whether a new trial is warranted based on newly discovered and allegedly perjured testimony depends on "whether (1) counsel could not have discovered the evidence with due diligence before or during trial; (2) the evidence demonstrates that a witness in fact committed perjury; (3) the new evidence is material; and (4) the new evidence is not cumulative." *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000) (citing *United States v. White*, 972 F.2d 16, 20-21 (2d Cir. 1992)). The determinative factor is whether the perjured testimony would have influenced the jury. *Stewart*, 433 F.3d at 296; *United States v. Wallach*, 935 F.2d 445, 458 (2d Cir. 1991) (utilizing the test of "whether the jury 'probably' would have altered its verdict had it known of the witness' false testimony").

The "threshold inquiry is whether the evidence demonstrates that the witness in fact committed perjury." *Stewart*, 433 F.3d at 297 (quoting *White*, 972 F.2d at 20). The district court found, following its hearing on this issue, that Mark Fritsche, the expert from N-Vision, testified credibly at that hearing and offered an "appropriate" explanation for his testimony at trial. For those reasons, the district court concluded ultimately that the expert did not commit perjury. As we "frequently" caution, our review is cabined by the district court's "broad" discretion to decide whether a new trial is warranted based on allegedly perjured testimony, a review that is no less circumspect with respect to the district court's determination that a witness did not in fact offer perjured testimony. *See Stewart*, 433 F.3d at 296-97. Given the expert's testimony concerning his company's creation of the videos and the fact that the expert never testified that he personally created the videos, we conclude there is no basis to question the district court's finding that the expert did not commit perjury.

3

Even if the expert's testimony at trial were perjured—to the extent he misled the jury as to his role in the videos' creation—the district court did not abuse its discretion when it denied Santos's request to present additional evidence or when it ultimately denied Santos's motion for a new trial. Santos offers no reason on appeal why his trial counsel "could not have discovered the evidence with due diligence before or during trial." *Middlemiss*, 217 F.3d at 122. Trial counsel should have known whether the expert personally performed the editing work on the videotapes and could have elicited that information at trial through diligent cross-examination.

Further, new evidence is material if it is "relevant to the merits of the case." *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir. 1999). Evidence of who created the video tapes was not necessarily relevant to the merits of this case, and Santos never raised at trial whether N-Vision fabricated or manipulated the video tapes. In any event, all the tapes were admitted without objection.

Lastly, the tape's depiction of the murder scene—of a large vehicle blocking a smaller car and of two individuals running from the smaller car to the larger—was cumulative of eyewitness testimony from Angela Caba. *See Middlemiss*, 217 F.3d at 122. In light of these factors, we cannot conclude the jury would have altered its verdict had it known that the expert did not personally create the videos introduced at trial. *Wallach*, 935 F.2d at 458.

Santos also challenges the district court's denial of his motion for a new trial based on the alleged failure of the government, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), to disclose certain statements.[1] "There are three components of a true *Brady* violation: The

---

[1] We address only the statement made by one confidential informant ("CS-1") because the remainder of the statements were made to the government after Santos's trial and the government's *Brady* obligations do not cover such statements. *See Dist. Attorney's Office for*

4

evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Upon our "own independent examination of the record," *United States v. Orena,* 145 F.3d 551, 558 (2d Cir. 1998), and viewing "the cumulative effect of suppression" in light of the evidence as a whole, *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995), we conclude that the statement from CS-1 was not favorable to Santos nor did prejudice ensue from its suppression. The statement from CS-1 contradicted undisputed and corroborated evidence; was internally inconsistent; consisted of rumors amounting to inadmissible hearsay; would not have led to admissible evidence because CS-1 could not identify a single source for the statements; and, lastly, did not provide Santos with valuable impeachment evidence given that the impeachment evidence against the government's main witness was already overwhelming. *See United States v. Jackson*, 345 F.3d 59, 74 (2d Cir. 2003) ("[A] new trial is generally not required . . . when the suppressed impeachment evidence merely furnished an additional basis on which to impeach a witness whose credibility has already been shown to be questionable.").

Further, Santos failed to establish "a reasonable probability that, had [CS-1's statement] been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "Where the evidence against the defendant is ample or overwhelming, the withheld *Brady* material is less likely to be material than if the evidence of

---

*the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-70 (2009) (explaining that "*Brady* is the wrong framework" when a defendant "has already been found guilty at a fair trial" and thus *Brady*'s pre-conviction trial right does not extend post-conviction). Santos does not challenge on appeal the district court's conclusion on this issue that the court need only address and rule on the statement made by CS-1.

5

guilt is thin." *United States v. Gil*, 297 F.3d 93, 103 (2d Cir. 2002).  The government offered ample admissible, reliable, and corroborating evidence, and there was no *Brady* violation.  *See United States v. Payne*, 63 F.3d 1200, 1210 (2d Cir. 1995) (holding no *Brady* violation where the undisclosed evidence was just one piece of evidence linking the defendant to narcotics dealing and where the testimony at issue was corroborated by other eyewitnesses and other physical evidence); *see also Leka v. Portuondo*, 257 F.3d 89, 104, 106-07 (2d Cir. 2001) (holding a *Brady* violation where the withheld evidence was a police officer's eyewitness observations that contradicted the accounts of two eyewitnesses whose testimony constituted the sole evidence at trial implicating the defendant in the shooting).

We have considered the remainder of Santos's arguments and find them to be without merit.  Accordingly, the decision of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6