11-3942-cr
United States v. Polanco

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand thirteen,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,[*]

             -v-                                          11-3942-cr

GERMAN DARIO POLANCO, ALSO KNOWN AS EL NEGRO,

                        *Defendant-Appellant*.

_____

Appearing for Appellee:     Robert L. Capers, (David C. James, Licha M. Nyiendo, *on the brief*), Assistant United States Attorneys, *for* Loretta Lynch, United States Attorney for the Eastern District of New York, NY.

Appearing for Appellant:    Kenneth M. Tuccillo, Hastings on Hudson, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

_____

[*]The clerk should remove "plaintiff" from the caption.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant German Polanco ("Polanco") appeals from the judgment of the district court entered September 26, 2011 convicting him of violating 21 U.S.C. § 848(e)(i)(A) and 18 U.S.C. § 924(j)(i) and sentencing him to life imprisonment. Polanco maintains that his conviction should be vacated based on the government's violation of appellant's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and his right to due process. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Under *Brady*, "'the suppression by the prosecution of evidence . . . violates due process'" if the evidence is favorable to the accused, the evidence was willfully or inadvertently suppressed by the prosecution, and the suppression results in prejudice." *United States v. Douglas*, 525 F.3d 225, 244–45 (2d Cir. 2008) (quoting *Brady*, 373 U.S. at 87). In addition the evidence must be material (for example, it may lead to admissible evidence), and disclosed in "sufficient time" to "afford the defense an opportunity for use." *Douglas*, 525 F.3d at 245 (internal citations and quotations omitted). However, "[u]nless there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial," *Brady* is not violated. *In re United States (Coopa)*, 267 F.3d 132, 144 (2d Cir. 2001).

Here, Polanco's *Brady* claims fail. Defendant's *Brady* challenge is based on a number of statements made by five government informants from the "Pier Pressure" investigation. Analyzing these exact same statements, the district court rejected the *Brady* claim of Polanco's co-conspirators, Miguel Santos and Luis Rodriguez, and this Court affirmed. *See United States v. Santos*, No. CR–01–537, 2010 WL 2985913, at *5–9 (E.D.N.Y. July 27, 2010), *aff'd United States v. Santos*, No. 10–3218–cr, 486 F. App'x 133, 134-36 (2d Cir. June 19, 2012) (summary order); *United States v. Rodriguez*, Nos. 10-2840, 10-3104, 2012 WL 5870747 (2d Cir. Nov. 21, 2012) (summary order). In our view, the government correctly argues in this case, as to the exact same evidence, even if the informants' statements were suppressed, that suppression would not have violated *Brady* because the statements would have been inadmissible at trial, or "could [not] possibly lead to admissible evidence. They [were] all hearsay or speculation." *Santos*, 2010 WL 2985913, at *6.

In addition, Polanco claims the district court erred in denying his motion for a new trial pursuant to Fed. R. Crim. P. 33 based upon alleged prosecutorial misconduct. Defendant claims misconduct because the exculpatory witness was first deported and then intimidated by the government in an interview subsequent to which the witness changed his testimony. "It is elementary that criminal defendants have a right to establish a defense by presenting witnesses." *See United States v. Williams*, 205 F.3d 23, 29 (2d Cir. 2000) (citing *Webb v. Texas*, 409 U.S. 95, 98 (1972)). "Relying on this principle, courts have held that judicial or prosecutorial intimidation that dissuades a potential defense witness from testifying for the defense can, under certain circumstances, violate the defendant's right to present a defense" if amounting to bad faith. *Williams*, 205 F.3d at 30. However, in this case, the government's engagement with the witness did not amount to bad faith. Courts find no bad faith where government interaction with the witness is to promote countervailing public interests. *Buie v. Sullivan*, 923 F.2d 10, 11 (2d Cir. 1990). For example, a prosecutor does not engage in misconduct merely by interviewing a potential defense witness, *see United States v. Simmons*, 670 F.2d 365, 371 (D.C. Cir. 1982), nor by warning a defense witness of the consequences of committing perjury, *see United States v.*

*Thompson*, 130 F.3d 676, 687 (5th Cir. 1997).  Therefore, we find no abuse of discretion in the court's denial of the motion where (1) the witness was deported after being convicted of a separate narcotics offense; (2) the government had a legitimate and compelling reason to interview the witness who voluntarily agreed to be interviewed; and (3) there is no indication that the government threatened the witness having only warned him of the consequences of perjury.  The government was also actively engaged in bringing the witness back to the United States to testify on Polanco's behalf.  Moreover, the witness had an opportunity to consult with his own appointed counsel and was then interviewed by defense counsel when he was brought to court.  Therefore absent a showing of bad faith defendant's due process claim fails.

We find the Appellant's remaining arguments to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3