*United States of America v. Polanco*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-five.

PRESENT:

Steven J. Menashi,
Eunice C. Lee,
    *Circuit Judges,*
Hector Gonzalez,
    *District Judge.\**

_____

United States of America,

    *Appellee*,

    v.                                                          23-7664

German Dario Polanco, AKA El Negro,

    *Defendant-Appellant.*

_____

_____

\* Judge Hector Gonzalez of the United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT: German Dario Polanco, *pro se*, Coleman, Florida.

FOR APPELLEE: David C. James, Benjamin Weintraub, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from orders of the United States District Court for the Eastern District of New York (Block, J.) dated October 5, 2022, and October 6, 2023.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this matter is **REMANDED** to the district court for further proceedings consistent with this order.

German Dario Polanco, *pro se*, appeals from orders of the district court denying his motions under Federal Rules of Civil Procedure Rule 60(b) and Rule 59(e) seeking relief from the denial of his 28 U.S.C. § 2255 motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

In 2013, a panel of this court affirmed the judgment of the district court convicting Polanco of violating 21 U.S.C. § 848(e)(i)(A) and 18 U.S.C. § 924(j)(i) and sentencing him to life imprisonment. *See United States v. Polanco*, 510 F. App'x 10 (2d Cir. 2013). In 2016, Polanco filed a § 2255 motion. The district court denied the motion and declined to issue a certificate of appealability ("COA"). In 2021, a panel of this court denied Polanco's motion for a COA and dismissed the appeal.

In March 2022, Polanco moved for relief pursuant to Rule 60(b)(6) and (d)(1) on the ground that subsequent case law—*United States v. Davis*, 588 U.S. 445 (2019),

and *United States v. Capers*, 20 F.4th 105 (2d Cir. 2021)—rendered his two § 924(j)(1) convictions invalid. On October 5, 2022, the district court denied the Rule 60 motion because neither *Davis* nor *Capers* affected Polanco's § 924(j) convictions. The district court declined to issue a COA. Polanco did not appeal the Rule 60 denial at that time.

Polanco timely filed a Rule 59(e) motion for "reconsideration" of the Rule 60 denial. On October 6, 2023, the district court denied the Rule 59(e) motion. Polanco appealed, and his notice of appeal specified that he was appealing both the order of October 5, 2022, and the order of October 6, 2023. On November 7, 2024, the district court granted a COA as to the order of October 6, 2023, which denied the Rule 59(e) motion. In doing so, the district court did not specify any issues to be considered on appeal.

## II

A COA is required to appeal the denial of a Rule 60(b) motion or a Rule 59(e) motion in a habeas proceeding. *See Torres v. United States*, 833 F.3d 164, 164-65 (2d Cir. 2016); *Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 & n.2 (2d Cir. 2006). The COA "shall indicate which specific issue or issues satisfy" the requirement that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "[A] judge's failure to 'indicate' the requisite constitutional issue in a COA" is not a jurisdictional defect, but the specificity requirement of § 2253(c) is "mandatory." *Gonzalez v. Thaler*, 565 U.S. 134, 137, 154 (2012).

In this case, the district court granted a COA as to its order of October 6, 2023, denying Polanco's Rule 59(e) motion, but the district court specified only the order subject to appeal rather than any issues to be resolved. On this record, it is unclear why the district court granted the COA. Polanco's Rule 59(e) motion raised several arguments—all of which the district court rejected—and the district court's order denying the motion does not reveal an issue that is "facially appropriate for

3

the issuance of a COA." *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

We have previously followed the practice of other courts that have declined "to guess which issues a district judge may have deemed worthy of appellate review" but have instead "remanded similarly deficient COAs for specification of issues certified for appeal." *Blackman v. Ercole*, 661 F.3d 161, 164 (2d Cir. 2011). We follow that practice again here.

On remand, in addition to specifying the issue or issues on which it granted the COA, the district court should consider whether Polanco's Rule 60(b) motion and Rule 59(e) motion were subject to the successive habeas motion requirements. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding that a Rule 60(b) motion is subject to the successive habeas motion requirements when—instead of challenging a defect in the integrity of the habeas proceedings—the motion attacks the federal court's previous resolution of a claim on the merits or raises a new claim). We have explained that "a Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (internal quotation marks and emphasis omitted). Here, both the Rule 60(b) motion and the Rule 59 motion challenged Polanco's convictions rather than the integrity of the habeas proceedings. The district court should consider whether those motions should have been subjected to the successive habeas motion requirements.

\* \* \*

For the foregoing reasons, we remand the matter to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court (1) to identify the issue or issues on which it

4

granted a COA on November 7, 2024, for consideration of its order of October 6, 2023; and (2) to consider whether Polanco's Rule 60(b) and Rule 59(e) motions should have been treated as successive habeas motions. Upon the issuance of a new order of the district court, either party may restore the matter to the active docket of this court by letter without filing a new notice of appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court